The complaint is not simply for money had and received by the defendants to the plaintiff's use, but it sets out the contract of the 23d March, 1850, as an undertaking of the defendants to sell the plaintiff's lumber on commission, and account for and pay over the proceeds to them; and it alleges a breach of that contract in refusing to pay over the balance of the proceeds. The evidence and the finding show that the defendants received the lumber pursuant to the contract, while they remained partners, but before it was all sold Briggs retired from the firm, and Vose, continuing the business, made the remaining sales, but neglected to pay over the proceeds. On this state of the case I see no room to question the liability of Briggs. He was a party to an express contract and was bound to see to its performance. The principle, and its application to the case of factors, where one of a firm retires before the contract *Page 473 
is completed, is well settled. (Godfrey v. Saunders, 3Wils., 114; Whiting v. Farrand, 1 Conn. R., 60; Wells
v. Ross, 7 Taunt., 403.) In the last case, the Court of Common Pleas held, upon facts precisely like the present, that the partner who continued the business and made the sales was liable to the principal, on a count for money had and received, and they said he was alone liable in that form of action; for the retiring partner, they said, "never received any part of the price;" but the court was careful to add, that an action on their joint undertaking would have lain against both. Without determining whether the retiring partner could, in our courts, have defended himself on that distinction, it is enough to repeat that this action is upon the express contract, and that in such a case there never was any doubt respecting the liability of both contractors, though one retired before the contract was fully performed. The judgment must be affirmed.