CHARLES F. SINCLAIR, Respondent, *against* SAMUEL GAL-LAND (IMPLEADED WITH HENRY BUSH), Appellant.

(Decided January 5th, 1880.)

The plaintiff was employed by the firm of A. and B. to procure orders for certain machinery, of which they were manufacturers, upon the agreement that he should have a certain commission on the amount of all orders procured through him. The plaintiff commenced negotiations with D. for a sale to him of such machinery, and while they were pending A. and B. dissolved partnership, and by agreement between them A. assumed (for his sole benefit) performance of all copartnership engagements theretofore entered into by the firm and remaining unperformed. Subsequently A. formed a partnership with C., and the firm of A. and C. obtained from D. an order for machinery in consequence of the original negotiations of the plaintiff with him,—*Held*, that the plaintiff was entitled to his commissions on the order, and could maintain an action against A. therefor ; that the fact that A. had associated another person in the business with him had no effect on his liability, and that he was liable to the same extent as if he had gone on alone in the business.

APPEAL by the defendant Galland from a judgment of the general term of Marine Court, affirming a judgment of special term in favor of plaintiff.

The action was brought to recover from defendants as copartners commission upon an order procured from one Goodsell for a hydraulic elevator to be manufactured and put up.

JOSEPH F. DALY, J. [after stating that the judgment in plaintiff's favor would have to be reversed and a new trial ordered for error in admitting evidence].—Although the present appeal must be disposed of on the foregoing points, it would not be proper to send the case back for a new trial without considering the main question in the case, the liability of Samuel Galland, the defendant, on the facts plaintiff claims to have established—a claim justified by the verdict of the jury. Those facts are, that the plaintiff was employed by Samuel Galland and Henry Bush, who were copartners, to procure orders for " Hydraulic Motor Elevators " at a commission of five per cent. on all contracts secured through him ; that plaintiff opened negotiations with Goodsell Brothers, of Cozzen's Hotel, at West Point, with the object of procuring from them an order for an elevator ; that about a month afterwards Galland and Bush dissolved copartnership, and by agreement between them Galland assumed performance of all copartnership engagements theretofore entered into by the firm and remaining unperformed, and so assumed for " his sole benefit ; " that afterwards Samuel Galland and Abraham Galland formed a copartnership ; that subsequently Goodsell Brothers ordered from the new firm of Galland & Co. a hydraulic motor elevator, and such order was given in consequence of the original negotiations of the plaintiff, who (as found by the jury) was the procuring cause of the sale. Such facts establish the right of plaintiff to recover. If the order from Goodsell (procured by plaintiff) had not been received until after the firm of Galland & Bush had dissolved, but Galland, for their joint benefit, had gone on and filled the order, their liability as copartners would be unquestionable; they could not avail themselves, after dissolution, of plaintiff's efforts without paying him what they had agreed any more than they could have done so before dissolution. Their voluntary dissolution of partnership cannot operate to prevent liability attaching when orders were received and filled. (See *Briggs* v. *Briggs*, 15 N. Y. 471, 474.) Upon the same principle, Galland is liable. He had assumed all the copartnership

engagements (on which he had been before jointly liable) as his individual obligations, for his sole benefit.    Among them was the inchoate liability to pay commissions to plaintiff upon receipt of orders procured by his exertions under the contract between him and the firm.    The incipient obligation became perfected when Galland received and filled orders so procured.    The justice of this view is as apparent from the case in point as it could be made by any illustration; but suppose, instead of the one order in question, that Galland, after the dissolution, and upon his own account, carried on the business of supplying elevators upon a large number of exceedingly profitable orders received entirely through the previous exertions of the plaintiff, could he resist plaintiff's claim for commissions on the ground that he individually, and not his former firm, had received the orders so procured?    Such is his defence to this demand, and the sufficient answer seems to be that, his agreement with his former copartner, and his acts in filling for his own benefit an order so received, is an assumption of a complete several liability on the original joint contract with plaintiff.

The fact that Samuel Galland formed a new copartnership with Abraham Galland, and that the elevator was supplied by the new firm, does not affect his liability.    If he chose to turn over to his new firm the orders received, and to share the profits with one or more persons, it would not discharge his obligation to plaintiff.    The sole question that could arise would be whether the orders received by the new firm were procured directly by the efforts of plaintiff under the engagement with Galland & Bush, which Samuel Galland had assumed; and Judge Goepp, on the trial of this cause at the special term of the Marine Court, correctly instructed the jury that that was the sole point at issue.

The judgment (for the errors in admissions of evidence only) will be reversed and a new trial ordered, with costs to abide the event.

CHARLES P. DALY, Ch. J., and VAN HOESEN, J., concurred.