JOSEPH L. SPOFFORD, Respondent, *v.* DAVID N. ROWAN, Appellant.

At law a joint debt cannot be set off against a separate debt, or a separate debt against a joint debt, and equity will only interpose when the circumstances are such as to render it necessary in order to save the claim of a party, and the facts must be alleged entitling him to equitable relief.

In an action upon contract brought by one member of a firm, defendant may not avail himself of a claim against the firm as a set-off, on the ground of the insolvency of plaintiff's copartners, in the absence of an averment that the firm is insolvent.

·Where such a claim was set up by defendant as a counter-claim, *held,* that the failure of plaintiff to reply did not entitle defendant to offset the claim, as the counter-claim does not set up a cause of action against

plaintiff; also that it was not necessary for plaintiff to raise the question by demurrer.   (Code Civ. Pro. § 499.)

*It seems* that where other persons are jointly liable upon a claim sought to be availed of as a set-off, they should be made parties, so that the rights of all may be determined.

(Argued December 8, 1890 ; decided January 14, 1891.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York,. entered upon an order made the first Monday of January, 1887,. which affirmed a judgment of the General Term of the City Court, in favor of plaintiff and affirmed a judgment entered upon a verdict in that court and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry C. Willcox* for appellant.   The court should have. granted defendant's motion for judgment on the counter-claims. (Code Civ. Pro. §§ 501, 3174; 1 Field's Brief, § 93; *Campbell* v. *Routt*, 42 Ind. 410; *Allen* v. *Shoshad*, 15 Ohio, 145; *Xenia Bank* v. *Lee*, 2 Bosw. 694; *Vassear* v. *Livingston*, 13 N. Y. 248, 256; *Leavenworth* v. *Packer*, 52 id. 132; *H., etc., R. R. Co.* v. *L. I. R. R. Co.*, 48 Barb. 355; *Bathgate* v. *Haskins*,. 59 N. Y. 539; *Coffin* v. *McLean*, 80 id. 564; *Davidson* v. *Alfaro*, Id. 660; *Smith* v. *Felton*, 43 id. 419; *Baker* v. *Hotchkiss*, 97 id. 409; *Clark* v. *Dillon*, 97 id. 370; *Hensley* v. *Tartar*, 14 Cal. 508; *Montour* v. *Purdy*, 11 Minn. 384; *Matteson* v. *Smith*, 19 Abb. Pr. 288; 1 Robt. 706; *Hammond* v. *Earl*,. 5 Abb. [N. C.] 106, 107, 110; *Seward* v. *Miller*, 6 How. Pr. 312; 7 id. 438; 10 id. 74; 15 id. 371; 22 id. 152; 19 Abb. Pr. 97; *Leary* v. *Boggs*, 3 Civ. Pro. Rep. 227; *People* v. *Snyder*, 41 N. Y. 400; *McEno* v. *Decker*, 58 How. Pr. 500; *People* v. *N. R. R. Co.*, 58 Barb. 98, 101; 42 N. Y. 217; Code Civ. Pro. § 522; *Isham* v. *Davidson*, 52 N. Y. 237; *Fleischman* v. *Stern*, 90 id. 110; *Clinton* v. *Eddy*, 1 Lans. 61; *West* v. *A. E. Bank*, 44 Barb. 156; *Wird* v. *Whitney*, 31 id. 90; *Hamilton* v. *Hugh*, 13 How. Pr. 44; *Cook* v. *Baw*,.

44 N. Y. 156.)   A reply waives the right to insist that matters set up are not proper subject of counter-claim. (*Lathrop* v. *Godfrey*, 3 Hun, 739; *Carpenter* v. *M. L. Ins. Co.*, 22 id. 49; *Hammond* v. *Terry*, 3 Lans. 186; *Ayers* v. *O'Farrell*, 10 Bosw. 143; *Smith* v. *Countryman*, 30 N. Y. 655; *Livingston* v. *Muller*, 8 id. 283.)   The court denied the defendant's motion for judgment on the counter-claims at the close of plaintiff's case, and the defendant, without objection, introduced evidence to prove them.   The defendant was entitled to have the issues thus tried upon the evidence passed upon by the jury. (*McIntyre* v. *Clapp*, 31 N. Y. 569; *Baldwin* v. *Burrows*, 47 id. 199; *Herrick* v. *Borst*, 4 Hill, 650; *Pettis* v. *Pier*, 1 Hun, 623.)

*E. P. Johnson* for respondent.   The reply to the counter-claims was sufficient. (*Lewis* v. *Coulter*, 10 Ohio St. 514; Code Civ. Pro. § 723.)   The evidence did not establish any valid counter-claims against the plaintiff, even if the defendant's own statements were taken as true, and a verdict for the defendant upon either counter-claim would have been properly set aside. (*Mynderse* v. *Snook*, 1 Lans. 488.)

HAIGHT, J.   This action was brought upon a check for $1,000, post-dated, which it was alleged was given upon a loan of that amount by the plaintiff to the defendant.   The defense was that the money was paid by the plaintiff to the defendant to apply upon a pre-existing obligation, and that the check was given as a mere memorandum, without any intention that it should be paid.

Upon this issue the evidence was conflicting, and the rights of the parties were settled by the verdict.   The chief question brought up for review arises out of the motion for judgment upon the counter-claims set up in the answer on the ground that they stand admitted by the pleadings.   For the purpose of the argument, we shall assume that the denial set forth in the reply was defective.

The first to which our attention is called is set forth in the answer, both as a defense and counter-claim, and alleges in

substance that the defendant had deposited the sum of $2,500 with a firm of lawyers in Galveston, Texas, for the purpose of having certain taxes paid on a tract of land in Texas, sold by one Paul N. Spofford to the defendant; also on another tract of land comprising a sugar plantation known as Osceola, upon which the executors of Thomas Small, deceased, clients of the · defendant, had made a loan of $27,500 to Paul N. Spofford; that only $1,050 was paid upon such taxes, leaving a balance in the hands of such attorneys of $1,450; which sum it is alleged was to belong to the defendant, and was to be credited on a loan of $10,000 made by him to the firm of Spofford Bros., of which the plaintiff, the said Paul N. Spofford, and one Gardner S. Spofford, were members; that the firm of Spofford Bros., with certain other persons named, were indebted to the lawyers with whom the deposit was made in the sum of $2,000 for professional services, and that they were pressing their claim for payment; that the plaintiff thereupon wrongfully, and without the consent or knowledge of the defendant, wrote the said firm of attorneys in Galveston, to apply the balance of the $1,450 in their hands upon the account of Spofford Bros., and to draw upon them for the balance; that afterwards when the defendant learned of the appropriation of the said $1,450 he threatened to sue the plaintiff therefor, and thereupon the plaintiff paid him the sum of $1,000 on account, which was the same $1,000 pretended by the plaintiff to have been loaned to the defendant herein; and that the check mentioned in the complaint was given by the defendant to the plaintiff merely as a memorandum at the request of the plaintiff for the purpose of showing the same to Paul N. Spofford, if it should be necessary, so that he should not know that the plaintiff had paid the defendant the sum of $1,000 on the account aforesaid. The defendant further alleges that the plaintiff also agreed to pay him the further sum of $450, being the balance of the said sum of $1,450.

It will be observed that the matter pleaded herein pertaining to the $1,000 transaction, amounts to a defense to the cause of action set forth in the complaint, and is in no sense a counter-

claim; that only the matter alleged pertaining to the agreement to pay the $450 constitutes a counter-claim. As to that counter-claim, the denial appearing in the reply is specific and sufficient, and this is recognized by the defendant, for in his motion for judgment upon the counter-claim he excepts the $450 claim.

The question in reference to the agreement to pay the defendant $450, together with the questions raised by the matter pleaded as defense, were submitted to the jury and were determined by its verdict.

The other counter-claim alleged in substance that the defendant had loaned to the copartnership of Spofford Bros., composed of the persons aforesaid, the sum of $10,000, and that there was still a balance due upon such loan of $5,959.86; that Paul N. Spofford and Gardner S. Spofford are insolvent; that the plaintiff is solvent, and demands that the same may be counter-claimed against any amount that may be found due the plaintiff upon the trial of this action, and that the defendant may have judgment for the balance, with interest, etc.

The defendant, therefore, seeks to offset against the claim of the plaintiff, one which he holds against the firm of Spofford Bros., of which the plaintiff is a member. He claims the right to do this upon the theory that the plaintiff has failed to reply to the counter-claim, alleging that others are liable with him as copartners upon the defendant's claim, and the case of *Briggs* v. *Briggs* (20 Barb. 477; affirmed 15 N. Y. 471), is relied upon as sustaining this claim. But our examination of those cases leads us to the conclusion that they have beer misunderstood and that they do not support the claim made. It is said that insolvency of one of the parties is sufficient ground for the allowance of a set-off in equity. Very true, where the plaintiff has a claim against the defendant, and the defendant has one against the plaintiff, the insolvency of the plaintiff furnishes sufficient ground for the interposition of equity; but that is not the case with a single member of a firm where there is no allegation that the firm is insolvent, and where its members are not parties to the action. One

member of a firm may be insolvent and yet the firm may be solvent; and where other parties are jointly liable upon a claim they should all be made parties so that the rights of all may be determined. At law a joint debt cannot be set off against a separate debt, or conversely, a separate debt against a joint debt, and equity will only interpose under circumstances in which it is necessary in order to save the claim of a party, and to do this the facts must be alleged entitling the party to equitable relief. (Pomeroy on Remedies and Remedial Rights, § 756; *Perry* v. *Chester*, 12 Abb. [N. S.] 131; *Mynderse* v. *Snook*, 1 Lans. 488; *Lush* v. *Adams*, 10 Civ. Pro. R. 60; *Parker* v. *Turner*, 8 N. Y. S. R. 500; *McCulloch* v. *Vibbard*, 51 Hun, 227; *Cummings* v. *Morris*, 25 N. Y. 625; *Howard* v. *Shores*, 20 California, 277; *Ingols* v. *Plimpton*, 10 Colorado, 535; *Baker* v. *Kinsey*, 41 Ohio St. 403–408.)

We consequently are of the opinion that as to this counter-claim the defendant failed to allege a cause of action against the plaintiff, and, therefore, the motion for judgment thereon was properly denied.

It may be claimed that the question should have been raised by demurrer thereto, but this is not necessary under section 499 of the Code of Civil Procedure.

These views render it unnecessary to consider the other questions raised in the case.

The judgment should be affirmed, with costs.

All concur except FOLLETT, Ch. J., and POTTER, J., not voting.

Judgment affirmed.