(23 Misc. Rep. 319.)

## In re MILLER.[1]

### (Surrogate's Court, Otsego County. April, 1898.)

**1. COUNTERCLAIM—JOINT OBLIGATION.**

The joint obligation of claimant and another, due the estate of a decedent, cannot be allowed as a counterclaim against her individual claim against the estate.

**2. SET-OFF—DEBT OF DECEDENT.**

Where the estate of decedent is liable on an indorsement of a note, the amount of such liability may be set off against a claim of the maker against the estate.

Presentation of claim against the estate of Andrew J. Miller, deceased, by Emma Crounse. Claim was rejected by Ann Miller, administratrix, and came up for determination in judicial settlement of accounts. Claim allowed.

S. W. Barnum, for administratrix.

Charles T. Brewer, for Emma Crounse.

Clarence M. Bates, for Samuel Davidson and others.

J. W. Barnum, for Jacob Kreischer.

ARNOLD, S. Emma Crounse, the claimant, was, at the times hereinafter stated, a resident of the town of Roseboom, Otsego county. In the spring of 1896, she held on the premises occupied by her an auction, selling her farm stock, hay, etc. At that auction, one Andrew J. Miller purchased some stock and some hay, the purchase price being $130.82. In May of the same year, Miller died, and Ann Miller, his wife, was duly appointed administratrix of his goods, chattels, and credits, by the surrogate's court of Otsego county. During the course of her administration, Emma Crounse presented a claim for the purchase price of the personal property purchased by said Miller at the auction sale above referred to. This claim was rejected, and came on for determination upon the final judicial settlement of the accounts of the administratrix. The claim presented is fully proven, and must be allowed.

The administratrix offers in evidence, by way of counterclaim, a note, of which the following is a copy:

"April 10, 1894.

"One day from date, for value received, we promise to pay A. J. Miller or bearer one hundred and fifty-three dollars, with int.

"Levi Crounse.
"Emma Crounse."

This note is in form the joint obligation of Levi Crounse and Emma Crounse. Daniel, Neg. Inst. (4th Ed.) § 94. Can this joint obligation be set up and allowed as a counterclaim against this claim of Emma Crounse in this proceeding? As the matter stands, the administratrix seeks to offset against the claim of Emma Crounse a joint obligation against Emma Crounse and Levi Crounse. It is a well-settled principle of law that a joint debt cannot be set off against the individual debt, and, conversely, an individual debt cannot be set off against a joint debt. In an action brought by a plaintiff against a defendant upon an individual liability of the defendant, he cannot set up as a

[1] For opinion on motion for reargument, see 52 N. Y. Supp. 1023.

counterclaim a joint liability of the plaintiff and some other person. Within that authority, I do not see how this joint note of Levi Crounse and Emma Crounse can be allowed as a counterclaim against the individual claim of Emma Crounse. Spofford v. Rowan, 124 N. Y. 108, 26 N. E. 350. This view of the matter leaves it unnecessary to consider the admissibility of the evidence of Levi Crounse offered by plaintiff, and also makes it unnecessary to consider upon the merits the effect of that evidence. I think it is clearly the duty of the administratrix of this estate to bring an action upon this note against the joint makers, Levi Crounse and Emma Crounse.

There is also presented by the administratrix, as a counterclaim, a note for $59, made by Emma Crounse, payable to the order of Andrew J. Miller, and indorsed by Andrew J. Miller, which is now held and owned by the National Central Bank of Cherry Valley. In settlement of the decree, the claim of Emma Crounse will be allowed at $132.80. The note held by the National Central Bank of Cherry Valley may be allowed as a set-off against this claim of Emma Crounse to the extent of the liability of the estate of Andrew J. Miller upon said note. A decree may be entered accordingly. Decreed accordingly.