---

(23 Misc. Rep. 511.)

### In re MILLER.

(Surrogate's Court, Otsego County. May, 1898.)

1. CLAIM AGAINST DECEDENT—COUNTERCLAIM—EFFECT OF WAIVER.
   In proceedings on a claim against the estate of a decedent, the fact that claimant made no objection to the admission in evidence of the joint note of claimant and her husband, held by the administratrix, would not justify the court in allowing it as a valid counterclaim.

2. JUDGMENT ON JOINT NOTE.
   A joint judgment only can be rendered on a joint note.

3. COUNTERCLAIM—JOINT OBLIGATION.
   Code Civ. Proc. § 501, restricting counterclaims to causes of actions against the plaintiff or the person he represents, and in favor of defendant or defendants between whom and the plaintiff a separate judgment may be had in the action, excludes a cause of action arising on the joint note of a plaintiff and her husband held by a defendant sued by the wife for an individual liability.

Motion for reargument.   Denied.
For former opinion, see 52 N. Y. Supp. 245.

ARNOLD, S.   In Re Miller, 52 N. Y. Supp. 245, I decided that the joint note of Emma Crounse and her husband, held by the administratrix of Miller's estate, could not be allowed as a counterclaim. A motion is now made for a reargument. Counsel for the administratrix points to the fact that the note was received in evidence without objection, and he insists that, therefore, any objection which might have existed to its being considered as a counterclaim was waived; that, the objection being waived, the note establishes the liability of Emma Crounse for its face value, with interest, and that that amount should be allowed as a counterclaim.

Upon the submission of the case, it was the duty of the court to consider the effect of the evidence. If the evidence offered by the claimant failed to establish a cause of action against the administratrix, her claim had to be dismissed, whether such evidence was objected to or not. On the other hand, if the evidence of the claimant established a cause of action, the administratrix, to establish a counterclaim, had to prove a cause of action against claimant.

Does the evidence establish a cause of action against the claimant individually? The evidence establishes the joint liability of Emma Crounse and Levi Crounse; therefore a joint judgment could only be rendered upon it. Protestant Episcopal Church v. Behrens, 10 Civ. Proc. R. 181–189. The Code of Civil Procedure does not allow such a cause of action as a counterclaim to an individual liability. Section 501. The evidence does not establish a cause of action against claimant individually. Spofford v. Rowan, 124 N. Y. 108, at page 113, 26 N. E. 350.

I have carefully examined the points submitted by the learned counsel for the administratrix and the cases that he has cited. I cannot see that those cases conflict in any way with the cases cited above or with the views herein expressed. The other matters referred to in the moving papers had been allowed before this motion was made. The motion is denied, with $10 costs. Motion denied, with $10 costs.