⸰ HUNTER v. BOOTH et al. ·

(Supreme Court, Appellate Division, Second Department. June 12, 1903.)

1. COUNTERCLAIM—JOINT AND SEPARATE DEBTS.
   Where defendants are sued as copartners on an account stated, a claim of one partner against plaintiff is not available as a set-off.

Appeal from Municipal Court, Borough of Brooklyn, First District.
Action by Ira C. Hunter against Louisa E. Booth and Arthur W. Booth. From a judgment granting insufficient relief, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Henry Morris Haviland, for appellant.
Donald F. Ayres, for the respondents.

WILLARD BARTLETT, J. The plaintiff sued the defendants, as copartners, to recover $68 principal and $8.50 interest upon an account stated. The answer contained a general denial, and further alleged, by way of counterclaim and offset, that "on or about the 5th and 10th days ,of May, 1898, defendants secured for plaintiff the business and custom of two persons by the name of John Johnson and Hugh Bracken, for which plaintiff agreed to pay defendants the sum of fifty dollars." The answer also offered to allow judgment to be taken against the defendants for $18, with interest and costs. On the trial the plaintiff's claim of $68 upon the account stated was admitted, and he proved the interest to be $8.50. Proof was then offered in support of the counterclaim, and judgment was rendered sustaining it for the full amount, and thus allowing the plaintiff to recover only $18, instead of $76.50.

We are of opinion that the evidence was insufficient to establish the counterclaim as pleaded.   The defendants were sued jointly, and in the counterclaim they set up the rendition of a joint service for which they alleged the plaintiff agreed to pay them both.   This was necessary in order to make the counterclaim good in form.   But the proof did not sustain the averment.   It tended to show, not an agreement by the plaintiff to pay the defendants, Louisa E. Booth and Arthur W. Booth, for securing the two customers mentioned in the answer, but an agreement to pay one of the defendants, Arthur W. Booth, for such service. This individual claim in behalf of one of the partners could not be set off against the account stated, which was a claim against both partners, constituting their joint debt.   Pinckney v. Keyler, 4 E. D. Smith, 469; Spofford v. Rowan, 124 N. Y. 108, 26 N. E. 350.   It was therefore an error to uphold the counterclaim to any extent, and for this error we are compelled to reverse the judgment.

Judgment of Municipal Court reversed, and new trial ordered; costs to abide the event.   All concur.