### PEOPLE v. GERMAN BANK.

#### In re HAUENSTEIN.

(Supreme Court, Appellate Division, Fourth Department. December 28, 1906.)

BANKS AND BANKING—INSOLVENCY—DEPOSITS—EQUITABLE SET-OFF.

Petitioner borrowed $45,000 from a bank with which to pay the administrator of a decedent's estate for decedent's interest in a firm. Petitioner executed checks to the administratrix, each representing a distributee's interest in the purchase price, one of which for $19,000 represented the interest of decedent's widow who was an incompetent, under the guardianship of petitioner and two others. The administrator deposited this check in the same bank to the credit of the widow's committee as trustees, where the deposit remained until the failure of the bank. *Held*, that petitioner was not entitled to an equitable set-off of such deposit against his indebtedness to the bank on the note.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Banks and Banking, § 376.]

McLennan, P. J., dissenting.

Appeal from Special Term, Erie County.

Petition by Alfred G. Hauenstein for an order directing Albert J. Wheeler, as receiver of the German Bank, to credit a deposit as an equitable set-off against petitioner's liability on a note due to the bank. From an order overruling petitioner's exceptions to the report of Frank Rumsey, Esq., referee, denying such relief and confirming the report, the petitioner and Alice M. H. Clark and Chauncey M. Hurd appeal. Affirmed.

Alfred G. Hauenstein commenced the proceeding upon his petition for an order directing Albert J. Wheeler, as receiver of the German Bank, to credit the sum of $19,000, with interest at the rate of 4 per cent. from April 12, 1904, upon a promissory note made by Alfred G. Hauenstein to the order of, and indorsed by, John Hauenstein, and discounted by the German Bank and held by Albert J. Wheeler as receiver thereof, the $19,000 being the amount of a deposit made that day to the credit of the petitioner and Alice M. H. Clark and Chauncey M. Hurd as trustees for Mary E Hurd; said note bearing the date of April 12, 1904, for the sum of $45,000, upon which there is unpaid about the sum of $30,000. The petitioner seeks to have the $19,000 indebtedness owing by the German Bank to the trustees of Mary E. Hurd allowed as an off-set upon the promissory note, and his co-trustees desire to have the same disposition made of the matter.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

George S. Potter, for appellant Alfred G. Hauenstein.

Adelbert Moot, for appellants Alice M. H. Clark and Chauncey M. Hurd, trustees.

Charles Diebold, Jr., for respondent referee.

KRUSE, J. We think the learned referee correctly decided that no sufficient grounds existed which entitled the petitioner to an equitable set-off of the note owing by him to the German Bank against the indebtedness of $19,000 owing by the bank to the trustees of Mary E. Hurd, and that the order confirming the report should be affirmed. On the 12th day of April, 1904, when Alfred G. Hauenstein borrowed of the German Bank the moneys for which he gave the note in question, the German Bank was solvent, and it did a large business for some time thereafter. The proceeds of the note were placed to the credit of his account in the bank, and on the same day he drew checks upon the bank payable to the order of Alice M. H. Clark, as administratrix, to pay the balance of the purchase price for the interest which her deceased father had in the business theretofore carried on by Alfred G. Hauenstein, Hiram J. Hurd, and the father, Charles A. Hurd, of whose estate the said Alice M. H. Clark was appointed administratrix. Various persons were interested in the estate of Charles A. Hurd, and, while all the checks were made payable to Alice M. H. Clark as administratrix, each check seems to have represented a certain interest, and she indorsed them and delivered them to the several persons entitled thereto.. Among the other checks was one for $19,000. This the administratrix indorsed and deposited in the German Bank on the same day that the note and check were given, namely, on the 12th day of April, 1904. This check represents the interest of Mary E. Hurd, the widow of Charles A. Hurd, in the business so purchased by Hauenstein. Mary E. Hurd is mentally incompetent, and Alfred G. Hauenstein and Chauncey A. Hurd are trustees for her. But it seems that before she was regarded as incompetent an agreement was entered into between herself and her three daughters and the son, Chauncey M. Hurd, to the effect that her share of the estate of her husband should be held in trust for her during her lifetime, and the principal divided equally among her children after her death.

The amount of this check for $19,000 was credited by the bank to Alice M. H. Clark, Alfred G. Hauenstein and Chauncey M. Hurd, trustees for Mary E. Hurd, and thereupon the bank became indebted to them for this amount. On the 5th day of December, 1904, the German Bank closed its doors and ceased to do business, because of its insolvency. At that time there was owing to the bank on the promissory note discounted by the bank for Hauenstein about $30,000, and owing by the bank to the trustees of Mrs. Hurd the said sum of $19,000, and it is this indebtedness of $19,000 which it is sought to have applied upon the individual indebtedness of Hauenstein. It is not contended that Hauenstein has any interest in this fund of $19,000 in any way save as a co-trustee with Alice M. H. Clark and Chauncey M. Hurd. I confess that I am unable to see upon what principle a trustee, even with the consent of his associate trustees, can be permitted to apply upon his own indebtedness the fund belonging to his cestui que trust.

Even if such a course were sanctioned by the court upon the condition that the fund would immediately be made good, I fail to see how the assets of the bank can be so depleted in justice to the other depositors of the institution.

We think none of the cases cited by the counsel for the appellants is an authority for the proposition for which they contend. Perhaps as strong a case as any which has been called to our attention is that of Miller v. Receiver of the Franklin Bank, 1 Paige's Ch. 443, in which a person acting as public administrator was permitted to off-set a claim owing by him to the bank against an indebtedness owing by the bank to him. It appeared, however, in that case that, although the account was in his name as public administrator, he always had an interest personal in the account, and frequently, for convenience and safety, deposited money in that account which did not belong to him as public administrator. The funds which came to him as public administrator he administered, not by virtue of his office as public administrator, but by virtue of letters granted to him as administrator of each estate. And it was there stated that, if a suit had been brought in his name as public administrator for this deposit, the name would be merely descriptive of the person, and would not alter the rights of either party to the suit. As between himself and the bank, he stood in the same situation in which an attorney would stand who had deposited in the bank for safe-keeping the moneys collected for different clients in one account in his name as attorney and solicitor, to be drawn out on his own check. We think that case is not an authority for what is sought to have done in this case.

It is also suggested that inasmuch as the $19,000 was never actually paid over to Hauenstein or to Alice M. H. Clark as administratrix, or to the trustees for Mary E. Hurd, the transaction was merely a matter of bookkeeping. We cannot agree to this suggestion. It was more than a mere matter of bookkeeping. The bank did not become merely a trustee for this fund, but a debtor to the trustee for this amount. If the petitioner can be allowed to succeed in his contention, why cannot other depositors of this bank require payment in full of the amount of their deposits made when the bank was a solvent and going concern? We think the equities of the general depositors are quite as strong as those of the petitioner, and no good reason exists for requiring the receiver of this bank to credit against the claim which he holds against Hauenstein the amount of the deposit standing in the name of the trustees of Mary E. Hurd.

The order should be affirmed, with costs. All concur, except McLENNAN, P. J., who dissents.