The present action was brought in April, 1911, against this defendant, upon the above instrument. Upon the trial, the making of the written agreement was admitted, and it was proven that the debtor did not produce any other person to guarantee the payment of the claim, nor had he paid it himself, or any part thereof, although payment had been demanded of him. No proof whatever was offered by the defendant. The trial justice gave judgment in favor of the defendant, from which judgment this appeal is taken.

The contract in question is clearly binding upon this defendant. It has always been held that an agreement to forbear proceedings at law for the enforcement of a valid claim is a good consideration for a promise. This principle is so well known and of such long standing as to need no citation of authority to support it. The debtor asked for an adjournment of his examination and an extension of time in which to pay. This extension was given him, and for that the defendant gave his promise of guaranty, and, in the event of the failure of the debtor to perform, the defendant became liable under such guaranty. The judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

### BLUMENTHAL v. KATZ et al.

#### (Supreme Court, Appellate Term. December 22, 1911.)

1. SET-OFF AND COUNTERCLAIM (§ 44*)—MUTUALITY OF DEMANDS—PARTNERSHIP.

    Where defendants are sued as partners, a counterclaim for commissions earned by one partner under an employment by plaintiff is not available.

    [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 91–99; Dec. Dig. § 44.*]

2. PLEADING (§ 262*)—AMENDMENTS—ALLOWANCE.

    Where, in an action against partners, a counterclaim for commissions earned by one of them was interposed, the refusal to permit the partners to amend the counterclaim, so as to make it in favor of both partners, was erroneous.

    [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 262.*]

3. PLEADING (§. 262*)—AMENDMENTS—ALLOWANCE.

    The court, in determining whether or not an amended answer, setting up a counterclaim, should be allowed, may not consider what testimony may be offered to sustain the counterclaim.

    [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 262.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Joseph Blumenthal against Louis Katz and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Barnett E. Kopelman, for appellants.

Max Silverstein, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GIEGERICH, J. The defendants were sued as copartners; the alleged cause of action being for goods sold and delivered. The answer contained a general denial, and also set up a counterclaim for commissions alleged to have been earned by one of the defendants under an employment by the plaintiff. When the case was called for trial, the defendants conceded the plaintiff's claim, whereupon the plaintiff moved for judgment, upon the ground that the counterclaim as set up was in favor of one of the defendants alone. Thereupon the defendants' counsel moved to amend the answer, so as to make the counterclaim in favor of both defendants. This amendment the court refused to allow, and granted judgment in favor of the plaintiff.

[1-3] The counterclaim as set up in the answer was not available as such. Hunter v. Booth, 84 App. Div. 585, 82 N. Y. Supp. 1000. The proposed amendment, however, should have been allowed. The amendment would aid substantial justice, and enable the rights of the parties to be determined in one action. What testimony may be offered to sustain the counterclaim has no place in determining whether or not such a pleading should be interposed.

Judgment reversed, with $10 costs to appellant to abide the event, and a new trial ordered. All concur.

---

### BLAUSTEIN v. LYONS.

(Supreme Court, Appellate Term. December 22, 1911.)

1. JUDGMENT (§ 169*)—DEFAULT—CONDITIONAL ORDERS—APPEAL.

　　An order opening a default on condition of the payment of costs is not operative until the costs are paid; and, when the costs are not paid, the subsequent entry of an order denying the motion carries into effect the original order, and the remedy of defendant is by appeal from the order, and not by subsequent motions to open the default.

　　[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 169.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—JURISDICTION.

　　Where a justice of the Municipal Court opened a default on payment of costs, which were not paid, another justice, after the entry of the order denying the motion to open the default, was without jurisdiction to enter order to show cause why the default should not be opened and deny motion to open the default.

　　[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Flora Blaustein against Henry F. Lyons. From an order denying a motion to open a default, defendant appeals. Affirmed.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Walter L. Durack, Jr., for appellant.
Isadore Apfel, for respondent.

GIEGERICH, J. The defendant appeals from an order of the Municipal Court denying a motion to open his default. The proceedings leading up to the denial of the motion are as follows:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes