The People of the State of Illinois, ex rel. Andrew Russell, State Auditor, Complainant, v. Michigan Avenue Trust Company et al., Defendants.
In the matter of Intervening Petition of Gust Terzakes and S. G. Gregory, Appellants, v. John W. O'Leary, Receiver of Michigan Avenue Trust Company, Appellee.

Gen. No. 28,224.

1. PARTNERSHIP—*parol evidence inadmissible to prove that notes of partners individually were partnership paper.* Parol evidence that the proceeds from promissory notes made by the partners individually to a bank and of a note signed by third persons and indorsed to the bank by one of the partners went into the partnership business is inadmissible on a petition by the partners for a decree directing the receiver of such bank to apply a partnership deposit to the payment of such notes where the notes are individual obligations of the partners and the bank records show the proceeds passed to the personal accounts of the partners and there is no claim of fraud, accident or mistake in connection with the notes.

2. SET-OFF, COUNTERCLAIM AND RECOUPMENT—*when partner indorsing note individually not entitled to equitable set-off against partnership bank deposit.* A partner who indorsed a note individually cannot claim an equitable set-off of such note against a deposit in the name of a partnership of which he is a member, in the bank with which such note was discounted, on the insolvency of the bank, where the evidence shows that he received the proceeds of the note personally and there is no evidence that the makers of the note are insolvent or that they were mere accommodation parties.

3. SET-OFF, COUNTERCLAIM AND RECOUPMENT—*mutuality of debts as requisite to equitable set-off.* A partnership bank deposit cannot be equitably set off against notes of the partners individually to the bank, on the insolvency of the latter, where there is no mutuality between the debts.

4. PARTNERSHIP—*partnership bank deposit not chargeable with payment of individual notes of partners.* A partnership bank deposit cannot be charged with the payment of notes made to the bank holding such deposit by the partners individually, under the Uniform Negotiable Instruments Act, sec. 18, Cahill's Ill. St. ch. 98, ¶ 38, providing that no person is liable on an instrument whose signature does not appear thereon, where the notes were not signed

by the partnership and contain nothing to indicate that it was the principal debtor or that the signers acted in a representative capacity, and the partnership deposit cannot be equitably set off against such notes on the insolvency of the bank.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1922. Affirmed. Opinion filed May 31, 1923.

McINERNEY & POWER, for appellants.

DEFREES, BUCKINGHAM & EATON, for appellee; MATTHEW MILLS and J. STERLING HALSTEAD, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

Pursuant to a bill in equity in this case filed by the auditor of public accounts, the Michigan Avenue Trust Company, a banking institution, was declared insolvent, and a receiver was appointed for its assets. Among its depositors were appellants Gust Terzakes and S. G. Gregory, who were partners in a restaurant business. At the time of the close of the bank the partnership had three deposit accounts therein under different names, aggregating $6,592.71, and there were two personal accounts, one in the name of appellant Gregory, and another in the joint name of appellant Terzakes and his wife Anna. At that time the bank held a note for $1,000, signed by both partners, a note for $1,250, signed by appellant Gregory, a note for $1,000, signed by appellant Terzakes, and also six notes totaling $1,973, signed by James P. Bilder and James Solides, and indorsed by said Terzakes. These notes aggregated $5,223. Appellants filed their petition in this proceeding asking for an order allowing the receiver to apply the amount of the deposits aforesaid toward the payment of said notes. The decree appealed from allowed the receiver to deduct only the partnership note for $1,000 from the partnership de-

posit account of $6,592.71. The grounds of the appeal are based upon the refusal of the court to allow a deduction from the deposit of the amount of the other notes.

The court found in effect that said other notes did not constitute an indebtedness of the partnership. Upon a review of the evidence we cannot say that the finding was not justified. While both partners testified that the proceeds from said notes, other than the partnership note, went into the partnership business, and that the bank cashier was advised at the time of the making or discounting of the same that the moneys therefrom were intended for such use, yet there was no attempt to explain why the moneys, if so intended, were deposited to the credit of personal accounts upon which only the persons credited therewith could draw, and there was no production of the partnership books or the checks drawn on said personal accounts to show that the money was so used. On the other hand, the bank books containing said accounts showed that the notes of the individual partners were renewals of notes by them respectively, the proceeds of which passed to their respective individual or personal accounts as aforesaid, and that the proceeds of the notes of Bilder and Solides, indorsed by Terzakes, passed to the account of Terzakes and his wife, on which either could draw. If, therefore, the parol evidence offered by appellants, which had the effect to vary the terms of written instruments, could be considered, yet we cannot say that the court was not warranted in holding that the evidence was insufficient to establish appellants' claim that the proceeds from the notes in question belonged to the copartnership.

But the evidence upon which petitioners based their claim was incompetent. The settled principle that "parol evidence of an oral agreement alleged to have been made at the time of the drawing, making or indorsing of a bill or note cannot be permitted to vary, qualify or contradict, to add to or substract from, the

absolute terms of the written contract'' (2 Parsons on Bills & Notes 501) is the same in equity as at law where there is no claim that there was either fraud, accident or mistake touching the securities that were executed. (*Forsythe v. Kimball*, 91 U. S. 291; 3 Story's Eq. sec. 1986; *Morris v. Calumet & C. Canal & Dock Co.*, 91 Ill. App. 437.) There was no claim of fraud, accident or mistake made in the present case. In the *Forsythe* case one of several brothers had a claim against an insolvent insurance company for a fire loss and sought to offset the same against the liability of the other brothers to said company on their individual notes, claiming the loans represented by such notes were actually made to him under an oral agreement and understanding between the parties at the time they were signed. Such proof was held unavailing because inconsistent with the contract as reduced to writing.

Rejecting, therefore, the oral evidence tending to vary the terms of the notes, the court's decree properly rested upon the terms of the notes themselves and the bank's records pertaining to the same from which it appears there was no liability upon said notes other than a personal one on the part of appellant Gregory for the note signed by him, and a personal one on the part of Terzakes for the note signed by him and for the notes of Bilder and Solides indorsed by him, and it is clear that neither according to their terms nor the evidence could the bank have brought an action against the partnership on any of said notes, there being no mutuality of contract between the bank and the partnership with respect to them.

As to the obligation of Terzakes on the notes of Bilder and Solides, there could be no offset in this suit in equity in the absence of proof that the makers were insolvent or that they were mere accommodation parties. No evidence of that character was introduced. The law to this effect laid down by Chancellor Walworth in *Re Middle District Bank*, 9 Cow. (N. Y.) 414,

has been followed in various cases. (*Knaffl v. Knox-ville Banking & Trust Co.*, 130 Tenn. 336; *Lippitt v. Thames Loan & Trust Co.*, 88 Conn. 185.) There are certain exceptions to the rule recognized in said cases but the present case does not come within any of the exceptions, and it seems clear that as against Gregory's liability alone on his note, and Terzakes' liability alone on his note and as indorser on the Bilder and Solides notes the bank could not apply the partnership accounts, there being no mutuality between the debts. Cases cited by appellants where an equitable set-off was allowed were cases where there was an unquestioned mutuality between the debts. We need not review them as they are not applicable to a case where there is no mutuality, as in the case at bar.

Nor could the partnership be held liable under the Uniform Negotiable Instruments Law. Section 18 of the Act [Cahill's Ill. St. ch. 98, ¶ 38] provides "no person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided." The express provisions referred to in said section are contained in sections 135 and 136 of said Act [Cahill's Ill. St. ch. 98, ¶¶ 157, 158] and have no relevancy to the facts here. Section 19 [Cahill's Ill. St. ch. 98, ¶ 39] provides for the signature of a party by a duly authorized agent, and section 20 [Cahill's Ill. St. ch. 39, ¶ 40] for the addition of words indicating that a party signs for or on behalf of his principal, or in a representative capacity. But the notes in question were not signed by the partnership and contain no words to indicate that it was the principal. It seems plain, therefore, that the bank could not hold the partnership liable on these notes, and that the court properly refused to offset the partnership deposits against them.

We think, therefore, that the decree should be affirmed.

*Affirmed.*

GRIDLEY and FITCH, JJ., concur.