Walter R. Shiel, Defendant in Error, v. Chicago Title & Trust Company et al., Plaintiffs in Error.

Gen. No. 8,240.

Opinion filed September 4, 1931.

KIRKLAND, FLEMING, GREEN & MARTIN, for certain plaintiffs in error; VERNON M. WELSH and BEN ROTHBAUM, of counsel.

E. P. HARNEY, for defendant in error.

MR. JUSTICE JETT delivered the opinion of the court.

The writ of error sued out in this cause by the plaintiffs in error seeks to have reviewed decrees in a foreclosure suit instituted by Walter R. Shiel, defendant in error, against the Chicago Title and Trust Company, a corporation. trustee, Wm. C. D. Trankle, Wm. F. Behrens, Sheridan Trust & Savings Bank, executor and trustee under the last will and testament of George W. Walker, deceased, Fred Fountaine, Elizabeth H. Walker and Sidney V. Walker, plaintiffs in error, in which certain of the plaintiffs in error were held personally liable on notes and trust deed foreclosed in this proceeding.

For convenience, the defendant in error will be referred to as complainant, and plaintiffs in error as defendants.

The bill of complaint was filed in the circuit court of Kankakee county by the complainant on April 25, 1928, and in his said bill it is alleged that one Signa M. Johnson, on February 5, 1926, being indebted in the

sum of $20,000, executed her principal promissory note for $20,000, maturing five years after date with interest evidenced by coupons attached; that to secure the payment of the said principal promissory note the said Signa M. Johnson executed her trust deed conveying to the Chicago Title & Trust Company, as trustee, certain premises in the county of Kankakee and such indenture was recorded in the recorder's office of the county of Kankakee on February 8, 1926; that complainant is the owner of said note and that Signa M. Johnson, nor any person for her, had paid the interest due on said note on February 5, 1928; that on the 11th day of April, 1927, the said Signa M. Johnson, a spinster, gave a declaration of trust expressly declaring and affirming therein that she quitclaimed the said real estate simply as a naked trustee and that she had no right, title and interest to said properties conveyed as aforesaid and that she held it as trustee for the benefit, advantage, use and act of George W. Walker (now deceased), Wm. C. D. Trankle and Wm. F. Behrens, which said declaration of trust was recorded on the 13th day of April, 1927, in the office of the circuit clerk of Kankakee county, Illinois; that by reason of the ownership of said lands at the time said trust deed was given, George W. Walker, Wm. C. D. Trankle and Wm. F. Behrens became individually liable to said complainant for the payment of said notes and upon foreclosure of said mortgage, would be liable for any deficiency judgment that might be rendered therein; that the said Signa M. Johnson afterwards, on the 8th day of April, 1927, gave a quitclaim deed to the Sheridan Trust and Savings Bank, an Illinois corporation of the City of Chicago, as trustee, under the last will and testament of George W. Walker, deceased, and to Wm. C. D. Trankle and Wm. F. Behrens, conveying to them said real estate; that afterwards said quitclaim deed was recorded in the office of the circuit clerk of Kankakee county on

April 20, 1927; that the said George W. Walker was, at the time of his decease, together with Wm. C. D. Trankle and Wm. F. Behrens, the owner of the equity of redemption of said described premises and the complainant prays for an answer, accounting, for foreclosure and sale in default of payment.

To the bill of complaint joint and several answers were filed by the Sheridan Trust and Savings Bank, executor and trustee under the last will and testament of George W. Walker, deceased, Elizabeth H. Walker and Sidney V. Walker, in and by which they denied that the said defendants were indebted upon the note or indebtedness set forth in said bill of complaint. Answers were also filed by Wm. C. D. Trankle denying his liability to the complainant for the payment of the notes described in the bill of complaint and denying his liability for any deficiency judgment which might be rendered therein. The record discloses that some of the defendants were defaulted.

Upon a hearing before the circuit court of Kankakee county the court entered a decree of foreclosure and sale. The decree, among other things, found that by reason of the ownership of the said lands (being the lands and premises described in the trust deed) at the time said trust deed was given, Walker, Trankle and Behrens became each individually liable for the payment of said notes and for any deficiency which might appear in case of foreclosure and sale of said premises. The court further found there was due on said notes $21,082.99. No conditional deficiency judgment was entered. A sale was had by the master and the land was sold for $12,800, and upon the approval of said report the court rendered a deficiency judgment for $9,464.24 against Behrens and Trankle and against the estate of Walker to be paid in due course of administration. An execution was issued on said judgment against the effects of Behrens and Trankle. A motion was made to set aside all orders and decrees and this

motion was overruled. The writ of error sued out in this cause by the defendants is to test the correctness of the decree rendering the deficiency judgment.

· It will be observed from the record that the trust deed, which was a purchase money mortgage, was executed by Signa M. Johnson on February 5, 1926, and the note and interest coupons secured thereby were. also executed by Signa M. Johnson on said date, all being payable to the order of herself and by her indorsed in blank. It is conceded Wm. C. D. Trankle, Wm. F. Behrens and George W. Walker (now deceased) were not parties to either the said notes or trust deed.

The rule is firmly established that a purchaser of mortgaged property may be held personally liable for the payment of a note secured by a mortgage provided he had expressly or impliedly agreed to assume and pay the debt. It is equally well established that a purchaser of mortgaged property, who does not agree to assume and pay a debt, is not liable for its payment. It is not contended by the complainant that the beneficial owners of the real estate in question expressly agreed to pay the indebtedness evidenced by the notes, nor can any implied promise be relied on, unless it arises from the sole fact of the beneficial ownership of the premises at the time the trust deed was executed.

Section 18 of the Uniform Negotiable Instruments Act, Cahill's St. 1929, ch. 98, ¶ 38, provides: "No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided." The exceptions referred to do not include such notes as are involved in this proceeding. Complainant does not question the correctness of the rule as announced in the Negotiable Instruments Law but insists that it has no bearing on the issues in this cause because no attempt was made by the decree to hold the defendants liable on the negotiable instrument. He says that only Signa M. Johnson, the

maker, was held liable for the mortgage debt. If the defendants are not liable on the notes secured by the trust deed or for the mortgage debt, then that is decisive of this case. The complainant further says that this was not a suit on a negotiable instrument—it was a foreclosure proceeding; that the note was not the indebtedness sought to be recovered, but was merely evidence of it; that there was no attempt by the decree to hold (plaintiffs in error) defendants liable on a note which they had not signed, that only Signa M. Johnson, the maker of the note, was held liable for the mortgage debt while (plaintiffs in error) defendants are held only for the deficiency. If Signa M. Johnson, the maker of the note, was only liable .for the mortgage debt as stated by the complainant, what right was there to hold the defendants for the portion of the mortgage debt represented by the deficiency?

It is true that notes are evidence of a debt, but they are the only evidence of the debt and cannot be varied by parol testimony. *People v. Michigan Avenue Trust Co.*, 229 Ill. App. 512, 514.

Title to the debt passes with the transfer of the notes. No case is cited by the complainant, and we know of none, supporting the distinction which he attempts to make between the note and mortgage debt on the one hand and the deficiency judgment on the other. The Negotiable Instruments Act would be useless if a court should apply a different rule to notes and to the debt evidenced by the notes. The complainant, it appears to us, relies entirely upon the finding in the decree in question that by reason of the ownership of the land at the time the trust deed was given, defendants became each liable for the payment of the notes. We fail to find any finding in the decree that the defendants expressly or impliedly assumed to pay the notes. There is no finding that they authorized or knew anything about the execution of the notes and trust deed. The deficiency decree entered contains no

finding of fact as to the liability of the defendants but merely recites that it appears from the report of sale that there is a deficiency, and that the defendants are personally liable therefor, and thereupon decrees that the defendants pay said deficiency. The finding, that it appears from the report of sale that the defendants are liable, is not a finding of fact of anything other than that certain things appear from the report of sale. It cannot be said to be a finding that the matters appearing from the report of sale are facts.

It is a frequent practice among business men dealing in real estate, who do not want to involve themselves in personal liability, to employ or utilize some person or persons who will hold the property, execute the notes, trust deeds and mortgages, and thereby relieve themselves of personal liability. It is quite obvious that this is what Walker, Trankle and Behrens attempted to do. They were willing that the land should be subjected to the payment of the debt but they were unwilling to assume any personal obligation. Hence they used the name of Signa M. Johnson as a means to accomplish their purpose and we see nothing improper in such conduct.

As an elementary proposition a suit at law could not have been maintained upon the note in controversy against Walker, Trankle and Behrens because section 18 of the Uniform Negotiable Instruments Act, Cahill's St. ch. 98, ¶ 38, forbids it, and we know of no rule of law that will subject them to personal liability on a note unless they had expressly or impliedly agreed to pay it. There seems to be no such agreement in this case and we therefore conclude that the decree is erroneous in so far as it rendered a personal judgment for the deficiency, and to that extent the decree is reversed and the cause remanded.

*Reversed and remanded.*