**HULSE v. KNAPP.**

**No. 1761A.**

District Court, W. D. New York.

Aug. 19, 1937.

Charles P. Williams, of Lyons, N. Y., for plaintiff.

Henry O. Button, of Sodus, N. Y., for defendant.

KNIGHT, District Judge.

This suit is brought to recover on a note for $500 made November 12, 1932, by defendant and delivered to the First National Bank of Sodus, N. Y. It is submitted for determination upon stipulation of facts. The bank ceased doing business on January 12, 1933, and a receiver was appointed. The note was presented for payment on February 12, 1933, and payment was refused, except that the bank offset against the note the sum of $3.49, the amount remaining on deposit to the credit of the debtor.

Defendant was a partner having a half interest in the Knapp Drug Company. The partnership had on deposit with the bank at the time of its closing the sum of $2,582.66. On October 1, 1933, defendant wrote plaintiff demanding that the plaintiff offset from the partnership deposit sufficient money to pay the note. Consent of the other partner was attached.

Set-off contemplates the right existing between two parties to set off their debts by mutual deduction. Scammon v. Kimball, 92 U.S. 362, 23 L.Ed. 483. Unless the debts run solely between the parties, they are not the proper subject of a set-off. Scott v. Armstrong, 146 U.S. 499, 13 S.Ct. 148, 36 L.Ed. 1059. Yardley v. Philler, 167 U.S. 344, 17 S.Ct. 835, 42 L.Ed. 192. A bank deposit may be set off against a debt due to a receiver for the reason that the receiver takes over the assets subject to any right of setoff attaching at the time he takes possession.

A joint demand may not be set off against a separate demand. Southern Ry. Co. v. Elliott (C.C.A.) 86 F.(2d) 294; General Discount Corp. v. First Nat. Bank, Detroit (D.C.) 5 F.Supp. 709. "A bank cannot apply the individual deposit of a partner to the satisfaction of a partnership debt, the cross demands must be mutual, that is due from one party to the other in the same right." Paton's Digest (Banking Law) § 4372. The rule is designed to secure an equitable disposition of the assets of the bank and to prevent one creditor from securing a greater proportion of his claim than is received by the others. "The right to the allowance * * * must be determined in the light of the statutes of the United States * * * and especially the

provisions of the United States statutes prohibiting preferences in the liquidation of national banks." McCandless v. Dyar (D. C.) 34 F.(2d) 989, 991. Vide Thomas v. Potter Title & Trust Co. (D.C.) 2 F.Supp. 12. In the present case, to allow the debts of this individual to be set off against deposit of the partnership' would result in giving the partnership a greater proportion of return than would be given to other creditors. Bank of U. S. v. Braveman, 259 N.Y. 65, 181 N.E. 50, 82 A.L.R. 658; People v. German Bank, 116 App.Div. 687, 101 N.Y.S. 917. That the debts here involved are not mutual is shown by the fact that the bank could not have brought action against the partnership on the note of the individual. People ex rel. Russell v. Michigan Ave. Trust Co., 229 Ill.App. 512.

The debt of a partnership may not be satisfied by offset of an individual deposit by one of the partners. Manhattan Bank v. Walker, 130 U.S. 267, 9 S.Ct. 519, 32 L. Ed. 959. An harmonious ruling requires a finding that the debt of one of the partners may not be offset against a deposit belonging to the partnership. Vose v. Philbrook, 28 Fed.Cas. p. 1293, No. 17,010; Spofford v. Rowan, 124 N.Y. 108, 26 N.E. 350; Cummings v. Morris, 25 N.Y. 625; . Hunter v. Booth, 84 App.Div. 585, 82 N.Y.S. 1000. .

This finding is not subject to change because of the consent of the other partner that such offset be made. The rights of the receiver, debtor, and depositor are fixed as of the time of the appointment of the receiver. McCandless v. Dyar, supra; Grand Rapids Community Chest v. Grand Rapids National Bank (D.C.) 15 F.Supp. 183; Ellerbe v. Studebaker Corp. (C.C.A.) 21 F.(2d) 993-997. An assignment to a debtor of a claim against the bank would not give such debtor the right of set-off. Even were the written consent of the other partner to the making of offset to be regarded as a partial assignment of his claim against the bank, it would be ineffectual to change the rights of the debtor partner or the duty of the receiver.

Although the rule with regard to set-off has been relaxed in certain cases, notably where one debtor is insolvent, such cases are distinguishable from the case at bar. Burns v. Lopez, 256 N.Y. 123, 129, 175 N.E. 537, principally relied upon by the defendant, differs from the present case, in that there, although one of the parties was insolvent, the rights of other creditors were not involved as here, because they had not become fixed by reason of the commencement of insolvency proceedings.

The plaintiff is entitled to .judgment in the amount demanded in the complaint, with costs.