Briggs *v.* Briggs.

———•••———

BRIGGS *vs.* BRIGGS and VOSE.

Where goods are consigned to joint factors the consignees are in the nature of co-obligors and each is liable for the whole.

And although, upon a dissolution of the partnership, one retires and the other sells the goods and receives the avails, yet an action lies against both for not fulfilling their duty in selling and accounting; and they may both be held liable for not accounting.

In an action against several defendants who are jointly and severally liable, either of them may set off promissory notes executed by the plaintiff, or may avail himself thereof by way of counter-claim.

APPEAL from a judgment rendered at a special term. The facts appear in the opinion of the court.

*Walbridge & Finch,* for the plaintiff.

*Ferris & Cushing,* for the defendants.

*By the Court,* MASON, J. The defendants were copartners in the commission business, in the city of Albany, and the plaintiff consigned to them as such commission merchants, a quantity of lumber to sell on commission. After the lumber was received and a part of it sold, the copartnership between the defendants was dissolved and the defendant Briggs ceased to have any thing to do with the business. The defendant Vose sold the lumber and did not account and pay over. The plaintiff heard

of the dissolution about the last of July and before the defendant Vose had sold the balance of the lumber; but it does not appear from the evidence, that he knew whether the lumber was sold or not. The question presented for our adjudication, is whether the defendant Briggs is jointly liable to the plaintiff for the avails of the lumber sold by Vose after the dissolution of the firm. The defendants are both liable. If goods are consigned to joint factors, they are in the nature of co-obligors and are answerable for one another for the whole. (*Godfrey* v. *Sanders*, 3 *Wilson*, 114. 6 *Bac. Abr.* 563, *Bouv. ed. tit. Merchant and Merchandise, letter B.* 5 *Com. Dig.* 72, *note f, tit. Merchant, Factor, B.*) Joint factors are liable for each other's receipt, and it is no discharge of one of two joint factors that the business was wholly transacted by the other with the knowledge of the principal. (*Godfrey* v. *Sanders*, 3 *Wilson*, 73, 114. *Gore* v. *Dawbeney*, 2 *Leon.* 75. *Cowper*, 814, *in note. Dunlap's Paley on Agency*, 52. *Story on Agency*, 281.) A joint consignment and acceptance of the goods makes each liable to account for the whole. (*Dunlap's Paley on Agency*, 53.) And although upon a dissolution of the partnership one retires and the other sells the goods and receives the avails, yet an action lies against both for not fulfilling their duty in selling and accounting, and they may be both held liable for not accounting. (*Wells and others* v. *Ross*, 7 *Taunt.* 403. *Dunlap's Paley on Agency*, 53, *note w*.)

Upon the trial of this cause the defendant Enos Briggs offered in evidence as an offset or counter-claim three promissory notes made by the plaintiff, and payable to Enos Briggs or bearer; two of them for $117.56 each, and one for $100. The execution of these notes was admitted, but the plaintiff's counsel objected to their being received in evidence or allowed by the referee, on the ground that they were not a proper offset or counter-claim in this action. These notes could not be allowed as a set-off prior to the amendment of the code in 1852. They were not a legal offset under the revised statutes. I am inclined to think, however, that they are admissible as a set-off or counter-claim under §§ 149, 150 of the code as amended in 1852.

A counter-claim is defined to be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of one of the specified causes of action; and the 2d subdivision provides that in an action upon contract any other cause of action, arising also on contract, and existing at the commencement of the action, shall be a counter-claim. (*Code*, § 150.) The only restriction is that it must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action. The present action is one of this kind as is expressly held in the case of *The People* v. *Cram and Whitc*, (8 *How. Pr. R.* 151.) These notes should have been allowed as a counter-claim by the referee. The case of *Parsons and Wales* v. *Nash*, (8 *How. Pr. R.* 454,) is in point, and determines the very question presented in this case. It is true that is a special term decision, but I think Judge Marvin has given the only true construction to this section of the code. I do not see how it can be read otherwise. The judgment must be reversed and a new trial ordered; costs to abide the event.

[CHEMUNG GENERAL TERM, May 8, 1855. *Shankland, Gray* and *Mason*, Justices.]