## Schubart *vs.* Harteau.

A counter-claim, under the code, may be either for liquidated or unliqui-
dated damages, if they arise upon contract.

Where a claim is prosecuted by a plaintiff against a defendant who has a claim
against the plaintiff and others, on contract, the defendant may set up the
same as a counter-claim, and recover any balance against the plaintiff over
the plaintiff's claim, unless the plaintiff replies to the counter-claim that
there are other persons liable with him as partners.

In such a case the counter-claim is good, so far as to be a set-off against the
plaintiff's claim to that amount.

THIS action is on a promissory note made by George G.
Johnson, and indorsed by R. F. Blydenburgh and the
defendant, and was brought by the plaintiff as indorsee,
against the defendant, as indorser. The note in suit was
made by Johnson, payable to the order of Blydenburgh, in-
dorsed by Blydenburgh, then by the defendant, then by Hoff-
man, Schubart & Kahn to the plaintiff. On the day the
note became due, it was duly presented to the maker and
payment refused, and due notice to hold the indorsers was
given to Blydendurgh and the defendant. At the time the
note became due and was protested for non-payment, it was
held by Hoffman, Schubart & Kahn, who subsequently, and
after it became due and was protested, and before suit
brought, indorsed it to the plaintiff. The answer alleged
two matters of defense. *First.* That in June, 1855, the firm
of Hoffman, Schubart & Kahn, of which the plaintiff was a
member, induced the defendant to purchase stone from them,
taken from a quarry belonging to them, to be put in a house
then being erected by the defendant, and agreed with the de-
fendant to indemnify him from any loss he might sustain by
making such purchase at the price he agreed to pay for it;
that the purchase of said stone resulted in a loss to the de-
fendant of $400, and that the note in suit was indorsed and
paid by the defendant to said firm on a settlement of ac-
counts for such stone. *Second.* That in October and No-
vember, 1856, said Hoffman, Schubart & Kahn sold the

defendant a large quantity of stone, and agreed with the defendant that it was sound, good and merchantable; that on a settlement of accounts for such stone, the note in suit was indorsed and paid by the defendant to said firm; that said stone, at the time of the sale, had a defect known to the vendors, but unknown to and not discoverable by the defendant; that said defect was discovered the following spring; that the defendant had suffered damages to $350 by reason of a breach of the agreement on the part of the vendors.

The action was tried, at the New York circuit, before Justice BONNEY and a jury, in March, 1860.

The counsel for the defendant admitted the making of the note set forth in the complaint, then presented by the plaintiff's counsel, and that said note was duly indorsed by R. F. Blydenburgh, the payee, and the defendant, and after him by Hoffman, Schubart & Kahn; and that on the day the said note became due and payable, the same was presented to the maker thereof and payment was demanded of him, which was refused, and thereupon said note was duly protested for non-payment, and that due and timely notice of such presentment, demand, refusal and protest were given to R. F. Blydenburgh and the defendant, the said indorsers. The plaintiff's counsel then read the said note in evidence, and rested. The plaintiff's counsel admitted that Hoffman, Schubart & Kahn were the holders and owners of said note at its maturity, and transferred it to the plaintiff after it became due. The counsel for the defendant being about to produce testimony, and offering to prove the contract for indemnity between Hoffman, Schubart & Kahn and the defendant, first set up in his answer, and the breach thereof by the said Hoffman, Schubart & Kahn, and the defendant's damages resulting from such breach; and that the said note in suit was indorsed and paid by the defendant to the said Hoffman, Schubart & Kahn on a settlement of accounts for stone sold under and pursuant to said contract. The counsel for the plaintiff objected to such evidence, and the whole of it, as

irrelevant and immaterial, which objection was sustained by the court; to which ruling and decision of the court the counsel for the defendant excepted. The counsel for the defendant then offered to prove the matters secondly set up as a defense in the answer, to wit, the sale and delivery in the fall of 1856, by Hoffman, Schubart & Kahn to the defendant, of a quantity of brown stone for building purposes, which they undertook and promised were sound and good merchantable stone of the value of $1200, and that said stone were not sound, but had a latent defect which could not be discovered at the time of the sale, and were not merchantable or suitable for building; and that in consequence of such defect the defendant sustained damage, and the amount of such damage; and that the note in suit was indorsed and paid by the defendant to the said Hoffman, Schubart & Kahn in settlement for said stone. To which evidence, and the whole of it, the counsel for the plaintiff objected as irrelevant and immaterial, which objection was sustained by the court; to which ruling and decision of the court the counsel for the defendant excepted. The defendant here rested. The court thereupon charged the jury, and they found a verdict for the plaintiff for the sum of six hundred and forty-four dollars and forty-one cents.

The defendant appealed from the judgment.

*Nye, McCoun & Angel,* for the appellant.

*A. H. Wallis,* for the respondent.

*By the Court,* INGRAHAM, J. A counter-claim, under the code, may be either for liquidated or unliquidated damages, if they arise upon contract.

Where a claim is prosecuted by a plaintiff against a defendant who has a claim against the plaintiff and others, on contract, the defendant may set up the same as a counter-claim, and recover any balance against the plaintiff, over the

plaintiff's claim; unless the plaintiff replies to the counter-claim that there are other persons liable with him, as partners. (*Briggs* v. *Briggs*, 20 *Barb*. 477.) In such a case the counter-claim is good, so far as to be a set-off against the plaintiff's claim to that amount.

It would seem, further, that the case does not differ from one where the party in a suit on his own note, given in payment for property delivered under a contract, makes defense that the property was not according to the contract. And in such a case the ground of defense taken by this defendant must be admissible, and if proved, available.

Judgment reversed, and a new trial ordered; costs to abide the event.

[NEW YORK GENERAL TERM, May 6, 1861. *Clerke, Gould* and *Ingraham,* Justices.]