Mynderse *v.* Snook.

---

EDWARD MYNDERSE *v.* JAMES SNOOK and JOB S. STEVENS.

(GENERAL TERM, SEVENTH DISTRICT, SEPTEMBER, 1869.)

To a complaint by the payee, on a negotiable promissory note, the defendants answered a non-joinder of parties plaintiff, and in order to establish the defence, proved that the note was made and delivered to the plaintiff, a member of a partnership firm, with the firm's consent, for moneys loaned from firm funds, and in furtherance of its contract.—*Held,* plaintiff was entitled to maintain the action, and the defence was not sustained.

*Held,* also, that defendant could not set up a counter-claim for damages, existing in his favor, against the firm, and arising out of the contract, with reference to which, the loan for which the note was given, was made.

The suggestion to the contrary in *Schubart* v. *Harteau* (34 Barb., 447), held to be *obiter,* and *Briggs* v. *Briggs* (20 Barb., 477), upon which the same is based, commented upon, and the latter case, and *Parsons* v. *Nash* (8 How. Pr. R., 454), explained.

MOTION by defendant for a new trial on a case with exceptions.

The complaint was upon a promissory note for $1,000, made by the defendant and payable to the plaintiff or order.

The answer averred, that the plaintiff, and one Vanclief, were partners in the distillery business, under the firm name of Mynderse & Co.; that the note belonged to the firm, and that Vanclief should have been joined as party plaintiff in the action.

That the firm, had entered into a contract in writing with defendants, by which it agreed to feed a certain number of hogs, at a price, and for a time named; and also, to loan the defendants the sum of $1,000, for the purchase of the hogs, upon their note, payable at the expiration of the time during

which the firm was to feed the hogs, and that the note was to be a lien on the hogs until paid ; and in pursuance of the agreement, that Mynderse & Co. loaned the money for which the note was given.

The answer also averred performance by the defendants, a breach of the agreement on the part of Mynderse & Co., and claimed damages on account of such breach, to the amount of $4,000.

It also averred that the loaning of the money in pursuance of the agreement, and the acceptance of the note by the plaintiff, were on behalf of Mynderse & Co., and that the action was brought on behalf of the firm of Mynderse & Co., and it claimed damages arising out of the alleged breach of contract, and set the same up as a counter-claim.

The plaintiff replied by a general denial of the counter-claim.

At the trial, the making and delivery of the note were admitted ; the defendants proved the contract set forth in the answer, that it was in plaintiff's handwriting, and signed " Mynderse & Co." by him, delivered to the defendants, and a copy retained by the firm; that the note was drawn by plaintiff; that they (defendants) received the amount of the note, as follows :   Six hundred dollars in cash, and the balance by check of Mynderse & Co., paid from the funds of said firm on deposit in the bank upon which it was drawn ; and they also proved performance of their part of the contract.   The defendant's counsel then announced, that he did not expect to vary the evidence already given, with respect to a non-joinder of plaintiffs, and the court ruled and decided that the evidence given did not tend to sustain that defence, and to this ruling the defendants excepted. The defendants then offered to prove the breach of contract and counter-claim, set up in their answer. To this evidence the defendants objected, the objection was sustained and defendants excepted.

The court directed the jury to find a verdict for the plaintiff for the amount of the note and interest, which they did;

Mynderse *v.* Snook.

defendants obtained a stay of proceedings, and moved as stated, for a new trial.

*W. F. Cogswell,* for the plaintiff.

*D. J. Sunderlin,* for the defendant.

Present—E. D. SMITH, DWIGHT and JOHNSON, JJ.

By the Court—JOHNSON, J.   The justice at the circuit was clearly right in holding that there was no evidence tending to sustain the defence of non-joinder of proper parties set up in the first answer.   The note was plain, and, upon its face, was payable to the plaintiff only, or to his order.   It is not of the least consequence to whom the money, before the loan, belonged.   Even if it belonged to Mynderse & Co., beyond all dispute, it does not at all affect the question of the exclusive ownership of the note by the plaintiff.   It was plainly matter of agreement amongst all the parties that the money loaned should be paid exclusively to the plaintiff, or to his order.   Such was the instrument which the defendants signed and delivered, and it cannot be altered or varied by parol.   Conceding that the loan was by the partnership, of which the plaintiff was a member, and was from partnership funds, it was clearly taken out of the partnership transactions, when it was mutually agreed, either expressly or impliedly, that it should be repaid to an individual partner, instead of the firm.   It is the same then as though the agreement had been to pay it to a third person, on account of the firm making the loan, and such third person had accepted the obligation.   It is then indisputably his chose in action, whatever fund it may have sprung from originally.   Evidence that before the money was loaned to the defendants, and became their money, it was the money of two persons jointly, does not prove, or tend in the least degree to prove, that the chose in action they gave in exchange or in consideration of the loan, does not belong to the individual payee to whom alone they promised to pay, and who holds and claims the obligation as his own exclusively.   The

former ownership of the money loaned, affords no presumption on that question, one way or the other. There was clearly nothing to submit to the jury, on that question. The plaintiff was sole payee and holder, and the only proper party plaintiff to the action.

The next question is, whether the evidence offered should have been admitted to prove the counter-claim against the plaintiff and Vanclief, set up in the second and third answers. This was a demand which the defendants had, or claimed to have, against the plaintiff and Vanclief jointly, as partners, and joint contractors with them. It was for damages arising from an alleged breach of the contract by these two partners. This claim, as is apparent, was not against the plaintiff, but against the firm, of which he was an individual member. Properly there could be no several judgment between the parties to this action, on account of that claim; no judgment which would be conclusive, and operate as a bar, in respect to all the parties interested in the claim. It was not upon its face, or in law, a claim against the plaintiff individually. This is the test. It must be a claim or demand " existing in favor of a defendant, and against a plaintiff, between whom, a several judgment might be had in the action." (Code, § 150.) It was not a demand against the plaintiff alone, but against the plaintiff, and another, jointly bound with him, as a partner. It was a partnership debt, if a demand existed. Partners are not joint and several debtors, but joint debtors only. It was not, therefore, such a counter-claim, as the Code authorizes, and allows to be set up by way of answer between these parties. Nothing is better settled, than the general rule, that a creditor of a partnership is not entitled, as-matter of law, to bring a separate action, and have a separate judgment, against one of the several partners, where they are all living. The defendant's counsel relies upon the decision in the case of *Schubart* v. *Harteau* (34 Barb., 447), as authority for the allowance of the counter-claim in question. What is said by INGRAHAM, J., in delivering the opinion in that case, would seem to cover the position of the defendant's counsel.

But by looking into the facts in that case, it will be seen that what was said by the learned justice, in regard to the right of a defendant to set up a counter-claim in his favor against the plaintiff, and other persons, not parties to the action, and have it allowed, and recover any balance, unless there was a replication by the plaintiff, that there were other persons liable with him, as partners, was *obiter* merely. The question did not arise in the case then before the court. The action, there, was upon a negotiable, promissory note, transferred to the plaintiff, after it became due. The defendant, by way of recoupment, or counter-claim, offered to prove a claim in his favor for damages arising upon contract, against the parties who transferred the note to the plaintiff, existing at the time of such transfer; and also to prove that he turned out the same note, to such parties, in satisfaction of a claim they had against him upon the contract out of which the damages arose, and before the damages occurred. The court, on objection to the admissibility of the evidence, excluded it, as irrelevant and immaterial, and the case came before the General Term of the first district, on exception to the ruling at the circuit. The only question was, whether the evidence was admissible, by way of defence to the note, in the hands of the plaintiff, as indorsee and holder, after the note became due and payable. It was properly held to be admissible; and all that is said beyond that, in the opinion, was upon a question not before the court. I am clearly of the opinion that this dictum of the learned justice is not the law. The case cited by him to sustain it, does not warrant the proposition. He cites *Briggs* v. *Briggs* (20 Barb., 477), as authority. But that is no such case. The defendants, in that case, were sued jointly, upon a demand against them as agents or factors of the plaintiff, for property received and sold by them. It appeared in evidence that part of the property was sold by the defendants, while they were doing business together, and part, by one, after they had dissolved their connection as partners in the business of factors. One of the defendants, at the trial, offered, by way of set-off, or counter-

claim, to the plaintiff's demand, three several promissory notes, made by the plaintiff, and payable to him, the defendant, or bearer. The notes were rejected, as evidence, upon the trial. But the court, at General Term, held that they were admissible in evidence as a set-off, or counter-claim, against the plaintiff's demand. But this was put, as will be seen by referring to the case, expressly upon the ground that the liability of the defendants upon the claim against them, as agents, or factors, in the sale of the plaintiff's property, was several, as well as joint, and that the plaintiff might have had a several judgment against either defendant in the action, on that claim. The grounds of the decision, in the last case, were undoubtedly correct, and the decision was right, if the demand on which the action was brought was several as well as joint, so that the plaintiff might have had a several judgment in the action against either defendant. It fulfilled, in that view of it, precisely the requirements of the Code. To the same effect is the decision in *Parsons* v. *Nash* (8 How., Pr. R., 454). But neither of these cases support the dictum in *Schubart* v. *Harteau* (*supra*). According to the rule there laid down, the right to interpose and prove a demand, by way of counter-claim, depends upon the matter and form of the pleadings in the action, rather than upon the general principles of the law. This, I am sure, is not the true meaning of § 150 of the Code. By that section, the demand must be of such a nature and character, that upon the general rules and principles of law, a several judgment may be had upon it in the action. If it is not such, the party offering it is not entitled to use it in that way. The reason of this is, I think, quite obvious. The object doubtless was to have, only those claims used in that way, as to which the judgment of the court would be binding and conclusive upon all the parties in interest. The reply here to the counter-claim set up in the answer, was a general denial. I do not see that any other was necessary, or would have been proper. The Code, § 153, prescribes what the reply may be. It certainly was neither necessary nor proper to reply in a case like

this, that another person was jointly liable with the plaintiff on the demand set up and offered in evidence by way of counter-claim. It was expressly set up as a joint demand against both the plaintiff and his partner, and upon the ground that the other partner, Vanclief, was a joint owner of the note with the plaintiff, and that the action was prosecuted for the benefit of Vanclief, as well as the plaintiff. There was, therefore, no new matter to set up by way of reply and defence to the counter-claim. A mere general denial of it, as a defence to the action, was all that the case called for. Had the defendants established their allegations in their several answers, that the other partner, Vanclief, was a joint owner of the note, and that the action was prosecuted for their joint benefit, the proof offered by way of defence would have been proper ; but as they failed entirely to prove those allegations, the evidence was properly excluded.

A new trial must therefore be denied, and judgment ordered for the plaintiff on the verdict.

New trial denied.