· WILLIAM S. HALLIBURTON, Respondent, *v.* DWIGHT O. CLAPP and MARY C. CLAPP, Appellants.

*Account stated, "subject to an attachment" implies a promise to pay — a joint debt cannot at law be set off against a separate debt, nor vice versa — when allowed in equity.*

An action was brought upon an account, which had been stated between the defendants and B. L. Duke, the assignor of the plaintiff, which showed a balance of $7,460 due to Duke September 28, 1891. At the bottom of the account stated was written the following words: " The above account is subject to an attachment of $7,106.25 in the suit of E. D. Butler v. R. J. Bass and B. L. Duke." The defendants claimed that Duke had had an associate in business by the name of Bass (which Duke denied), and as an offset to the account stated, the defendants attempted to show that a firm known as H. J. Bass & Co., which was, as they alleged, in fact composed of Duke and the above-described Bass, was indebted to them upon an account stated in the sum of $7,106.25.

*Held,* that the memorandum at the foot of the account was merely a notification that immediate payment to Duke personally was prevented because the debt had been arrested in the hands of the defendants, by virtue of an attachment issued at the instance of Butler, a third party;

That the promise implied from the account stated still remained, and that when the attachment which had been issued was dismissed the defendants were bound to pay the balance due to Duke or to the plaintiff, his assignor;

That the counterclaim could not be sustained, as in an action at law a joint debt cannot be set off against a separate debt nor can a separate debt be set off against a joint debt.

*Semble,* that this can only be done in equity where it is necessary to save the claim of a party, and that then the facts must be alleged upon which the party seeking to enforce the debt relies to justify his demand for equitable relief.

APPEAL by the defendants, Dwight O. Clapp and another, from a judgment of the Court of Common Pleas for the city and county of New York in favor of the plaintiff, entered in the office of the clerk of said court on the 19th day of January, 1895, upon the verdict of a jury, and also from an order entered in said clerk's office on the 28th day of January, 1895, denying the defendants' motion for a new trial made upon the minutes.

*T. Henry Dewey,* for the appellants.

*William S. Lewis,* for the respondent.

PATTERSON, J. :

This action was upon an account stated between the defendants and one Duke, the plaintiff's assignor. It was made out and delivered by the defendants to Duke and accepted by him. It showed a balance of $7,460 due and owing by them to Duke as of September 28, 1891. It is claimed by the defendants (appellants) that the new promise resulting from an account stated cannot operate or does not exist in this case, because at the foot of the account a memorandum was made which they construe as showing that there was no promise to pay. It is in the following words : " The above acct. is subject to an attachment of $7,106.25 in the suit of E. D. Butler *v.* R. J. Bass and B. L. Duke." This memorandum in nowise alters the legal character of the account stated nor qualifies the implied promise. No incompleteness of the transactions embraced in the account is suggested ; no offset or counterclaim intimated, and nothing left open between the parties. No right of the defendants' own of any kind to retain the balance admitted, or any portion of it, is alluded to. The acknowledgment that the whole amount is due is absolute and unqualified. There is merely a notification that present payment to Duke personally was prevented by the debt being arrested in the hands of the defendants on an attachment issued at the instance of a third party. The promise to pay still remains ; to pay the money to Duke or to pay it on his account under the lien of the attachment. The defendants could not lawfully resist a demand for the amount of the balance. If the attachment were enforced they were bound to pay that balance to the sheriff as Duke's money. But when the action on which the attachment was issued was dismissed they were bound to pay such balance to the plaintiff. The character of the account not being changed by the addendum to it, the defendants can take no advantage in this action of a defense under the alleged attachment, for nothing is set up or claimed under it in the answer.

The remaining question in the case arises on a counterclaim. The defendants set up a cause of action also on an account stated under these circumstances, viz., certain business transactions with the defendants, who were provision brokers, were carried on by one Bass in the name of H. J. Bass & Co., which name the defendants allege was fictitious, and that the transactions were in truth those of

the plaintiff's assignor, Duke. The dealings referred to were had before Duke became personally acquainted or had personal relations with the defendants. This account, kept in the name of Bass & Co., was made up and showed a balance due the defendants September 28, 1891, of $7,106.25. The defendants insist that Duke was, as matter of fact, solely responsible for the account. Duke, undoubtedly, did have some conversation in New York with one of the defendants respecting the Bass & Co. account, and correspondence between the defendants and Duke took place concerning it. The defendants' proof tended to show that it was a joint account of Duke and Bass, but both those persons denied they were jointly interested in it. It was then contended by the defendants that if the joint interest did not exist (and they relied upon the denials of Duke and Bass to claim that it did not), enough appeared in the case to show that Duke was interested as principal in the account and was liable as such for the whole of it. The defendants' version of the conversations in New York referred to, if true, would establish that Duke had some interest in the account, but he emphatically denies that they ever took place in the manner or to the effect claimed by the defendants. The issues as to the account being individual of Duke, or joint of Duke and Bass, were left to the jury under instructions that if they found that Duke alone was the interested party the counterclaim must be allowed; but if they found that Duke had no interest with Bass in the account, or if that account were a joint one of Duke and Bass with the defendants, there could be no recovery on the counterclaim. There seems to be nothing to criticise in the submission to the jury of these issues. On them conflicting evidence was presented, and the jury found against the defendants.

Concerning the instruction given on the subject of the counterclaim, that if the jury found it was based upon a joint debt, it was unavailable in this action, the views expressed in *Spofford* v. *Rowan* (124 N. Y. 108) fully sustain what was said by the court in this case, which was, in effect, that in an action at law a joint debt cannot be set off against a separate debt, or a debt of the latter description against a joint debt; and it can only be done in equity where it is necessary to save the claim of a party, and then the facts

must be alleged upon which the party seeking to enforce the debt relies for equitable relief.

The judgment and the order denying the motion for a new trial are affirmed, with costs.

VAN BRUNT, P. J., BARRETT, WILLIAMS and O'BRIEN, JJ., concurred.

Judgment and order affirmed, with costs.