KELLY et al. v. WEBSTER.

(Supreme Court, Appellate Division, Fourth Department.   March 8, 1911.)

1. SET-OFF AND COUNTERCLAIM (§ 29*)—SUBJECT-MATTER—TORTS.
      One tort cannot be pleaded as a counterclaim to an action for another, when there is no necessary or legal connection between them.
      [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 49–51; Dec. Dig. § 29.*]

2. SET-OFF AND COUNTERCLAIM (§ 3*)—STATUTORY PROVISIONS—CONSTRUCTION.
      The practice prescribed by the Code is intended to secure adjustment in a single action of all controversies between parties concerning the same subject-matter, and a liberal construction of its provisions in relation to counterclaims, which may be interposed, may be indulged.
      [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 2; Dec. Dig. § 3.*]

3. SET-OFF AND COUNTERCLAIM (§ 29*)—SUBJECT-MATTER—CLAIM CONNECTED WITH SUBJECT OF ACTION.
      In an action to prevent interference with plaintiff's use of a wharf, a counterclaim for trespass on the same wharf, to which defendant claimed title, is connected with the subject of the action, viz., the ownership of the wharf, and is a proper counterclaim.
      [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 49–51; Dec. Dig. § 29.*]

Appeal from Special Term, Jefferson County.

Action by Horace Kelly and others against Walter L. S. Webster. From an interlocutory judgment overruling plaintiffs' demurrer to the counterclaim set up in defendant's answer, plaintiffs appeal. Affirmed, with leave to plead over.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE and ROBSON, JJ.

L. H. Ford, for appellants.
Albert A. Hovell, for respondent.

ROBSON, J.   Plaintiffs and defendant are, respectively, the owners of adjoining parcels of real estate, which both border on the St. Lawrence river.   Plaintiffs allege that they are the owners of a wharf built by their predecessors in title upon the water front of their premises, which for more than 20 years they and their predecessors in title have occupied, used, and maintained openly and adversely to defendant and his grantors under a claim of right so to do, and that it has so been constructed, maintained, and used with the consent of defendant and his predecessors in title, that defendant in May, 1910, built, and has since maintained, a barb-wire fence across the wharf at a point near where the same adjoins plaintiffs' uplands, which shuts off plaintiffs' access to the wharf and wrongfully interferes with plaintiffs' use of the same and a large portion of their water front to plaintiffs' damage specially alleged.   The relief demanded is that defendant be enjoined and restrained from preventing, or hindering, plaintiffs' right of access to said wharf and embankment, and their right of access to the water front, and enjoining and restrain-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing maintenance of the fence, with an assessment of damages sustained by plaintiffs because of the maintenance of said fence. Defendant admits the plaintiffs own the lands described in the complaint as owned by them, defendant's ownership of lands adjoining the same on the northeast, the erection and maintenance of the fence, and denies all other allegations of the complaint. As a separate defense and counterclaim, defendant alleges ownership of the wharf, and that the same was built by defendant's predecessors in title extending several hundred feet along the water front of defendant's property, and that the construction of the wharf was a legal use of defendant's premises and the water front thereof. He then sets up certain trespasses of plaintiffs in wrongfully entering upon, using, and injurying the wharf to defendant's damage of $5,000, and asks that plaintiffs be enjoined from entering upon and using the wharf, and that he recover damages to the amount of $5,000 and have such other relief as is proper.

Plaintiffs demurred to this counterclaim on the ground that on its face it appears not to be a cause of action arising out of the transaction set forth in the complaint as the foundation of plaintiffs' claim, nor connected with the subject of the action.

It is well settled that one tort cannot be pleaded as a counterclaim to an action for another tort when there is no necessary or legal connection between them. Rothschild v. Whitman, 132 N. Y. 472, 30 N. E. 858. If this were an action at law to recover damages for defendant's alleged trespass, possibly defendant could not set up as a counterclaim plaintiffs' trespasses on his rights, even though the trespasses in each instance were alleged in reference to the same property. Hall v. Werney, 18 App. Div. 565, 46 N. Y. Supp. 33. In the case cited, plaintiff's action was to recover damages to his growing crops, and defendant counterclaimed for damages caused by plaintiff's obstructing a highway. It was held that the trespasses were distinct and unrelated and defendant's counterclaim improper. But this is an equitable action to establish plaintiff's rights in the wharf itself. If plaintiffs are right in their claim to ownership of, or right to use, the wharf, then defendant's act in excluding them from its use was a trespass on their rights. On the other hand, if defendant's claim to ownership of the wharf and that plaintiffs had no right to use it be valid, then plaintiffs' use of the wharf was a trespass on defendant's property for which he should be entitled to recover. This leads to the same conclusion reached by the court at Special Term that the real "subject of the action" is the ownership of the wharf, or the right to use it. The damages for defendant's trespasses thereon of which plaintiffs complain, and those of plaintiffs, which defendant sets up in his counterclaim, are incidental merely to the real subject of the action. Lynch v. Metropolitan Electric Ry. Co., 129 N. Y. 274, 29 N. E. 315, 15 L. R. A. 287, 26 Am. St. Rep. 523.

Plaintiffs, however, insist that the subject of the action is not the respective rights of the parties in the wharf, but is the barb-wire fence which they seek to have removed. This cannot be true, because the fence is only the means by which defendant excludes plaintiffs from their rights, if any, in the wharf, and is a trespass if they

prove the rights which they seek to have established in this action.

The practice prescribed by the Code is intended to secure adjust-- ment in a single action of all controversies between parties concerning the same subject-matter, and to that end a liberal construction of its provisions in relation to the counterclaims, which may be interposed, may be indulged. O'Brien v. Dwyer, 76 App. Div. 516, 519, 78 N. Y. Supp. 600; Glen & Hall Mfg. Co. v. Hall, 61 N. Y. 226, 231, 19 Am. Rep. 278. In the case last cited plaintiff's action was to re- strain defendant from using a trade-mark. Defendant alleged title to the trade-mark was in him, and by way of counterclaim demanded that plaintiff be enjoined from using it and damages for its unlawful use. The counterclaim was held to be connected with the subject of the action. In Carpenter v. Manhattan Life Ins. Co., 93 N. Y. 552, plaintiff, a mortgagee in possession, sued defendant for an alleged conversion of wood, which plaintiff had cut from the mortgaged prem- ises. Defendant, a prior mortgagee, counterclaimed for plaintiff's waste in cutting the same wood, and the counterclaim was held good as connected with the subject of the action.

The interlocutory judgment should be affirmed, with costs, with leave to plaintiffs within 20 days to plead over on payment of costs. All concur.