GEORGE GILBOY and MASSACHUSETTS BONDING AND INSURANCE COMPANY, Plaintiffs, *v.* DAVID R. LENNON, Defendant.

Supreme Court, Onondaga Special Term, April, 1922.

Practice — negligence — automobile collision — payment by insurance company of part of his damages to its insured — joint action by company and insured against owner of other car — counterclaim for damages to other car properly pleaded — Civil Practice Act, §§ 474, 477.

Before the commencement of an action growing out of an automobile collision in which the car of G. and that of defendant were damaged, an accident insurance company, conceding its liability on a policy issued to G., paid him a certain sum and took an assignment of all his rights, claims and causes of action against the defendant, to the extent of the amount paid for the assignment. The action was brought by G. and the insurance company as parties plaintiff to recover more than double the sum paid by the insurance company to G. The insurance company claims to be entitled to the sum paid by it to G. and he claims the balance of the amount sought to be recovered, to make good his loss over and above what he received from the insurance company. Upon the denial of a motion under rule 109 of the Rules of Civil Practice to strike out a counterclaim against G. for damages to defendant's car, *held*, that in the circumstances the insurance company stood in G.'s shoes to the extent of its payment to him and that any cause of action against G. which could be interposed if he were suing alone could be pleaded herein.

Under sections 474 and 477 of the Civil Practice Act the interests of all parties can properly be protected if defendant's claim is litigated on the trial and judgment can be ordered for whoever is entitled to relief in accordance with the verdict of the jury, under proper instructions.

MOTION by plaintiffs pursuant to rule 109 of the Rules of Civil Practice to dismiss the counterclaim contained in defendant's answer.

*William H. Reiley, Jr.,* for plaintiffs.

*Gay H. Brown,* for defendant.

EDGCOMB, J. This is a negligence action, and grows out of an automobile collision which occurred on the 5th of August, 1921, on the Salisbury road in the county of Herkimer in which the cars of both parties were damaged. Each party claims that the other was to blame for the accident. The plaintiff Gilboy carried an accident insurance policy with his coplaintiff, the Massachusetts Bonding and Insurance Company. The insurance company conceded its liability on the policy, and paid Gilboy $633.32 on November 4, 1921, on which date the latter assigned to the insurance company all his rights, claims and causes of action against the defendant to the extent of $633.32. Gilboy asserts that this amount did not fully compensate him for the damages which he suffered. Gilboy and the insurance company join as parties plaintiff and bring this action to recover the sum of $1,273.32, the total damage which they allege was occasioned by defendant's

negligence, $633.32 of which said sum the insurance company claims to be entitled to under its assignment, and the balance of which Gilboy thinks should go to him to make good his loss over and above what he received from the insurance company.

The defendant denies that he was negligent, and sets up as an affirmative defense a counterclaim of $1,200 against the plaintiff Gilboy for damages to his car, which he says was occasioned by Gilboy's negligence.

Plaintiffs move, pursuant to the provisions of rule 109 of the Rules of Civil Practice, to strike out this counterclaim, upon the ground that it is not one which may properly be interposed in this action.

Plaintiffs insist that a defendant cannot set up a counterclaim which does not apply to all of the plaintiffs, and cite *McCulloch* v. *Vibbard,* 51 Hun, 227; *Spofford* v. *Rowan,* 124 N. Y. 108; *Mynderse* v. *Snook,* 1 Lans. 488, and *Halliburton* v. *Clapp,* 1 App. Div. 71, as decisive of their contention. While these cases hold that at law a joint debt cannot be set off against a separate debt, the facts are far different from those in the case at bar, and are not, in my opinion, decisive here. The cause of action against this defendant originally belonged to the plaintiff Gilboy. Later and just before the action was commenced he assigned a part of his claim to the other plaintiff. When the accident happened the insurance company had no claim against the defendant, and has not to-day except as it stands in Gilboy's shoes to the extent of the part thereof which Gilboy assigned to the company, and as to which part I think that it may properly be said that the company represents Gilboy. Each plaintiff has a separate cause of action against the defendant, the two claims aggregating the amount sued for.

Pomeroy in section 637 of his work on Code Remedies (4th ed.) summarizes the rules governing the right to set up a counter-claim, and says: " *Sixthly,* when two or more persons have separate rights of action, and they are properly united as plaintiffs in one action to enforce these rights, a counter-claim may be set up against one or more of them, as the case may be." Nichols in his treatise on Pleading and Practice says in section 873 that " whenever a single defendant or all the defendants jointly may recover against one or some of the plaintiffs and not against all, or whenever one or some of the defendants and not all may recover against the single plaintiff or all the plaintiffs jointly, or whenever both these possibilities are combined, a counterclaim may be interposed against one or some of the plaintiffs and not against all, and by one or some of the defendants and not by all."

Even under the old practice as governed by the Code of Civil

Procedure I should be inclined to hold that under the peculiar facts of the case at bar defendant could properly interpose this counterclaim. But it is not necessary to decide that question here. This action was commenced subsequent to October 1, 1921, and is governed by the new Civil Practice Act, and I have no doubt that under its provisions this motion should be denied.

One of the chief objects of the change in our procedure was to simplify the practice and to secure a prompt determination of legal controversies between the parties according to their substantial rights. Even under the old practice the policy of the law was to allow the parties to bring into one action so far as possible all the controversies between them for a final and complete adjustment, and to that end a liberal construction was given to the provisions of the Code relative to counterclaims. *Kelly* v. *Webster,* 143 App. Div. 737; *Deagan* v. *Weeks,* 67 id. 410; *Ter Kuile* v. *Marsland,* 81 Hun, 420.

In *Kelly* v. *Webster, supra,* Robson, J., says: " The practice prescribed by the Code is intended to secure adjustment in a single action of all controversies between parties concerning the same subject-matter, and to that end a liberal construction of its provisions in relation to the counterclaims which may be interposed may be indulged."

The legislature took no backward step in its attempt to facilitate the disposition and adjustment of all contentions between parties in a single action when it enacted the Civil Practice Act. In fact it went much further than it had ever gone before. The new act has incorporated many provisions of the English practice rules and of the New Jersey Practice Act, and has broadened the former provisions of the Code relative to the joinder of parties as well as additional counterclaims which can be interposed.

The extent to which the legislature has gone in its desire to avoid a multiplicity of actions and to allow the parties to settle all their matters of difference in one action is very apparent. Section 266 of the Civil Practice Act changes the provisions of section 501 of the old Code so as to allow the interposition of counterclaims against the plaintiff and third persons. Section 271 of the new act provides that when any such third persons are not parties to the action they may be summoned to appear, and made a party, so that the controversy may be determined. Section 270 of the Civil Practice Act provides that a defendant shall demand in his answer the judgment to which he deems himself entitled upon his counterclaim. This section is a reenactment of section 509 of the Code of Civil Procedure with the words " against the plaintiff " omitted.

The provisions of the new act in relation to joinder of parties have been broadened. Section 192 has been amended so that new parties may be substituted. Sections 211, 212 and 213 are entirely new and are identical with the provisions of the English Practice Act. Section 211 provides for the joinder in one action of all persons against whom the right to any relief is alleged to exist whether jointly, severally or in the alternative, and for judgment against such one or more as may be found to be liable; section 212 provides that a defendant need not be interested in all the relief claimed; the following section provides that when a plaintiff is in doubt as to the person from whom he is entitled to redress, he may join two or more defendants, so that the question as to which of the defendants is liable, and to what extent, may be determined as between the parties. The provisions of section 446 of the former Code of Civil Procedure as to who might be joined as parties plaintiff have been broadened by section 209 of the new act, which provides that " All persons may be joined in one action as plaintiffs, in whom any right to relief in respect of or arising out of the same transaction or series of transactions is alleged to exist whether jointly, severally or in the alternative, where if such persons brought separate actions any common question of law or fact would arise."

It is apparent from the above, as well as other provisions of the new act to which attention might be called, that the legislature intended to make it possible for parties, under ordinary circumstances, to save time and expense, and settle their differences in one action.

At the very moment plaintiffs' cause of action arose defendant's demand on his counterclaim had its birth. If this action had been brought by Gilboy alone there could be no question but what this counterclaim was properly interposed. To hold under these circumstances that defendant cannot set up in this action a counterclaim against the other party to this transaction seems to me to nullify the very object of our new Practice Act. If plaintiffs' contention is 'correct it does not require any stretch of imagination to conceive of how easy it would be to make it impossible for a defendant to ever set up a counterclaim against the other party to a transaction. I think that such assignment is subject to every counterclaim which might have been set up against the assignor. If this action had been founded upon a contract which had been assigned by Gilboy to a third party, the defendant could protect himself against such obligation in the hands of the assignee at any time before he had notice of the assignment. *Bien* v. *Freund,* 26 App. Div. 202; *Faulknor* v. *Swart,* 55 Hun, 261; Civil Practice Act, § 267.

It seems to me that under the circumstances the insurance company

stands in Gilboy's shoes to the extent of its payment to him, and that any cause of action against Gilboy which could be interposed if he were suing alone can be set up here.

If this motion is granted it will mean that the defendant, if he desires to litigate his claim, will be obliged to commence an action against Gilboy, and although the two claims are of necessity founded upon substantially the same evidence, the time of the court will be taken with two trials instead of one, and the parties will be put to additional trouble and expense. The interest of all the parties can properly be protected if defendant's claim is litigated on this trial, and judgment can be ordered for whoever is entitled to relief, in accordance with the verdict of the jury under proper instructions of the court. Civil Practice Act, §§ 474, 477.

Motion denied, with ten dollars costs to abide event.

Ordered accordingly.