CALL HARDWARE CORPORATION, Appellant, *v.* JOHN J. DUGGAN, Respondent.

Third Department, May 5, 1926.

**Sales — conditional sale — action in replevin to recover possession of furnace sold on conditional sale — counterclaim based on breach of warranty cannot be pleaded under Civil Practice Act, § 266 — counterclaim based on negligent installation may be pleaded — one cause of action only stated in counterclaim.**

In an action of replevin to recover the possession of a furnace sold to the defendant on conditional sale and installed in his residence, the defendant cannot under section 266 of the Civil Practice Act plead as a counterclaim a breach of warranty of the quality of the furnace, for a breach of warranty is an incident of a completed sale and has no vitality or force in an executory contract of sale.

However, the defendant had the right to plead as a counterclaim the negligent installation of the furnace in his residence, resulting in damage to him, for the subject of the action within the meaning of section 266 of the Civil Practice Act is not alone the furnace and boiler, but also the installation thereof.

Plaintiff's demand for alternative relief in case the counterclaim is held to be good, that the defendant be compelled separately to state and number the causes of action therein must be denied, for while the counterclaim contains some irrelevant allegations as to breach of warranty, one cause of action only, and that based on negligence, is stated.

APPEAL by the plaintiff, Call Hardware Corporation, from an order of the Supreme Court, made at the Washington Special Term and entered in the office of the clerk of the county of Warren on the 1st day of February, 1926, denying plaintiff's motion to dismiss the counterclaim, or, in the alternative, to require the defendant to amend his answer, separately stating and numbering alleged causes of action combined in the counterclaim.

*Jenkins & Barker* [*John H. Barker* of counsel], for the appellant.

*Frank Hurley,* for the respondent.

COCHRANE, P. J. The action is replevin. The complaint alleges that defendant unlawfully detains a Stewart pipe furnace and water boiler of the value of $410 of which plaintiff is the owner and entitled to the immediate possession and which has been demanded of defendant, and judgment is demanded in the complaint for the possession of said property or for $410 if possession cannot be given.

For a counterclaim the defendant alleges among other things a contract whereby the plaintiff agreed to install in the premises of defendant said furnace and boiler for the sum of $410, which sum defendant was to pay in installments; that plaintiff warranted that the furnace would be of sufficient capacity and would be installed in a workmanlike manner so as to provide sufficient heat and that defendant relied on said warranty and has performed all the conditions of the contract on his part including payment of the full amount due thereon; that the furnace was installed in a negligent and unskillful manner to the great expense and injury of defendant in completing the installation thereof and in repairing the building which was damaged by plaintiff's negligence and unskillfulness; that plaintiff has failed to complete its contract and has left the work " in an unfinished condition solely by reason of negligence, neglect and breach of contract in said premises; " that by reason of plaintiff's negligence the " foundation walls of defendant's house were undermined so as to make the same crumble and fall and defendant's house and its supports were left unstable and in a sagging, tottering and unsafe condition; " that defendant elects to accept said furnace and boiler " and to set up against the plaintiff the breaches of warranty aforesaid, by way of counterclaim; " that relying upon the warranties defendant paid $250 on the contract price, leaving a balance of $160 unpaid; that he has been

damaged in the sum of $250. An affirmative judgment is demanded of $90, the difference between the damages alleged of $250 and the unpaid purchase price of $160.

Plaintiff challenges this counterclaim on the ground that it is unauthorized by section 266 of the Civil Practice Act. Compliance with that section requires in this instance that the counterclaim shall " tend to diminish or defeat the plaintiff's recovery, and must be * * * a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action."

In *Peuser* v. *Marsh* (167 App. Div. 604) this court held, in a replevin action to recover property held by defendant under a conditional contract of sale, that the right of counterclaim for breach of warranty does not exist for the reason that warranty is an incident of a completed sale and has no vitality or force in an executory contract of sale. It was held, however, that under section 150 of the Personal Property Law (as added by Laws of 1911, chap. 571) a breach of warranty might be pleaded as a defense by way of recoupment and this was also held in the same case in 218 New York, 505. So far, therefore, as this counterclaim rests on a breach of warranty it cannot be sustained and so it was properly held by the court at Special Term.

We also agree with the court at Special Term that so far as the counterclaim rests on the negligent installation of the furnace and boiler it may be sustained under said section 266 of the Civil Practice Act. " The subject of the action " is not alone the furnace and boiler but also the installation thereof. The installation gives direct rise to the defendant's damages. It injured his building and because it was a negligent and an unskillful installation he has a cause of action therefor. It is impossible to disassociate the defendant's claim for damages from the negligent acts of the plaintiff. If the latter did not exist neither would the former. The two are not only " connected " but they are inseparable. Therefore, the counterclaim cannot be dismissed. (See *Cooper* v. *Kipp,* 52 App. Div. 250, and dissenting opinion of Scott, J., in *Scognamillo* v. *Passarelli,* 157 id. 428, 433, on which the case was reversed, 210 N. Y. 550.)

Plaintiff in its notice of motion asks for the alternative relief in case the counterclaim be not dismissed that defendant be required to separately state and number the causes of action therein contained. It is apparent from what has been said that the counterclaim states but one cause of action. Allegations appropriate only to a cause of action for breach of warranty have, it is true, been improperly commingled with the allegations of negligence contrary

to the rules of good pleading. No motion, however, has been made to strike out the improper allegations. Only one cause of action existing in the counterclaim the alternative relief requested cannot consistently be granted.

The order should, therefore, be affirmed but, under the circumstances, without costs.

Order unanimously affirmed, without costs.