RAPHAEL M. BAUER, etc., Plaintiff, *v.* A. DUDLEY PHELPS, etc., Defendant.

Supreme Court, New York County, March, 1929.

Russell, Shevlin & Russell [F. Russell of counsel], for the plaintiff.

G. W. Bristol, for the defendant.

Cotillo, J. Plaintiff (1) moves under rule 103 of the Rules of Civil Practice to strike out as sham the separate defense contained in paragraphs 10 and 11 of defendant's answer; (2) to strike out as sham and insufficient in law the separate defense alleged in paragraphs 12 to 16, inclusive; (3) to dismiss the counterclaim set up in paragraphs 12 to 16, inclusive, on the ground that such matter is not properly interposable as a counterclaim in this action; (4) to strike out the entire answer as sham and as interposed solely for the purpose of delay and for judgment pursuant to section 476 of the Civil Practice Act and rule 113 of the Rules of Civil Practice or in the alternative for judgment pursuant to rule 114 of the Rules of Civil Practice.

The motion, so far as it moves to strike out paragraphs 10 and 12, must be denied. The complaint alleges a contract for sale of 500 shares of stock at a price of more than fifty dollars and alleges that a copy of the contract is attached to the complaint. The alleged contract attached to the complaint does not satisfy section 85 of the Personal Property Law, as it is not signed by the person sought to be bound by it or by his agent. The complaint does not allege that part of the stock was accepted or anything given in earnest to bind the contract or in part payment. The plea of the statute is, therefore, not frivolous.

The defendant has pleaded as a separate defense (paragraphs 12 to 16 of his answer) that the order for 500 shares of Ford stock as alleged in the complaint was only a part of an order for 1,000

shares of Ford stock given by him to plaintiff as a broker and that the plaintiff did purchase the 1,000 shares for the defendant as his broker but wrongfully converted the first lot of 500 shares to his own account. As to this allegation the court must, on a motion attacking the sufficiency of a pleading, deem it true. (*Robinson* v. *Whitaker*, 205 App. Div. 286.) Therefore, that part of plaintiff's motion to strike out must be denied. The allegations set out in paragraphs 12 to 16, inclusive, are properly interposed as a counter-claim. A counterclaim under section 266 of the Civil Practice Act is (1) a cause of action arising out of the contract or transaction set forth in the complaint as of the foundation of the plaintiff's claim *or* connected with the subject-matter of the action. The defendant claims that the contract or order was one for 1,000 shares instead of 500 shares as claimed by plaintiff. To grant this motion would, as was stated in *Gilboy* v. *Lennon* (118 Misc. 467), " mean that the defendant if he desires to litigate his claim, will be obliged to commence an action against Gilboy, and although the two claims are of necessity founded upon substantially the same evidence, the time of the court will be taken with two trials instead of one, and the parties will be put to additional trouble and expense. The interest of all the parties can properly be protected if defendant's claim is litigated on this trial, and judgment can be ordered for whoever is entitled to relief." As to that part of the motion asking for summary judgment the defendant by the denials in his answer and by his answering affidavits has raised issues sufficient to entitle him to defend. (*Continental Securities Co.* v. *Interborough Rapid Transit Co.*, 118 Misc. 11; affd., 200 App. Div. 794.) Motion denied in all respects.