John B. McPherson, IV, Respondent, *v.* Alexander Klemin, Appellant.

Order affirmed, with twenty dollars costs and disbursements. No opinion. Present — Martin, P. J., Merrell, McAvoy, O'Malley and Untermyer, JJ.; Merrell, J., dissents.

Merrell, J. (dissenting). Plaintiff, in his complaint, alleges that on October 7, 1932, he engaged the defendant to design an airplane for plaintiff's use and to prepare drawings and stress analyses for the construction of such airplane. Plaintiff alleges that the defendant was negligent and unskillful in rendering performance in that the defendant's design was of an airplane unsuitable for flight through the air and that thereby the plaintiff suffered damages. The amended answer of the defendant denies any negligence or lack of skill on his part, and, by way of defense, the defendant pleads that he performed the agreement between the parties with due care, and that his drawings and analyses were delivered to plaintiff and accepted by plaintiff, and that plaintiff expressed his satisfaction therewith to defendant, paying defendant the compensation agreed upon for his services, and that the airplane constructed by plaintiff flew to the latter's complete satisfaction.

The counterclaims were interposed by defendant, who alleges he is an aeronautical engineer well and favorably known in this country and abroad as an engineer and as an authority on the subject of aeronautics; that in the summer of 1933 the plaintiff slandered the defendant by stating, in the presence of various persons, that the defendant had done a " rotten job " in designing for plaintiff the airplane mentioned in the complaint, and that the plaintiff further stated that the defendant, in rendering performance under his said contract with plaintiff alleged in the complaint, had proved himself an " incompetent aeronautical engineer." The truth of these accusations made by plaintiff was denied, and the defendant alleges that the plaintiff's slanderous statements have injured his reputation and his good name and credit in his profession. The question presented is as to whether or not the counterclaims contained in the answer were properly interposed as tending to diminish or defeat the plaintiff's recovery. Section 266 of the Civil Practice Act provides as follows:

" § 266. Counterclaim defined. A counterclaim, except as otherwise provided by statute, must tend to diminish or defeat the plaintiff's recovery, and must be one of the following causes of action against the plaintiff, or, in a proper case, against the person whom he represents, and in favor of the defendant, or of one or more defendants, between whom and the plaintiff or the plaintiff and another person or persons alleged to be liable a separate judgment may be had in the action:

" 1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action;

" 2. In an action on contract, any other cause of action on contract existing at the commencement of the action."

It appears from the above-quoted section that a counterclaim properly to be interposed by a defendant must tend to diminish or defeat the plaintiff's recovery, and must be either " a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's

claim or connected with the subject of the action," or, " in an action on contract, any other cause of action on contract existing at the commencement of the action." The question presented upon this appeal is whether the defendant's counterclaims are on a cause of action which is connected with the subject of the plaintiff's action. Clearly, the " subject of the action " brought by plaintiff is the manner in which the defendant performed his contractual obligation to plaintiff. The defendant's counterclaims both turn upon the determination of the single issue presented by this subject of the plaintiff's action, to wit, whether defendant properly performed his contract with plaintiff. We are of the opinion that the defendant's counterclaims are " connected with the subject of the action " within the meaning of the provisions of the Civil Practice Act. The courts have been liberal in construing the provisions of section 266 of the Civil Practice Act. A like provision of the Code of Civil Procedure was construed by the court in the case of *Glen & Hall Manufacturing Co.* v. *Hall* (61 N. Y. 226). In that case the Court of Appeals said: " The policy of the Code requires a liberal construction of this section, to the end that controversies between the same parties, on the same subject-matter, may be adjusted in a single action."

In the case of *Van* v. *Madden* (132 App. Div. 535) the court defined the words " subject of the action " as used in section 266 as meaning " the subject-matter in dispute, or, to be still more explicit, the facts constituting the cause of action." We are of the opinion that the subject of the action in this case is the performance by the defendant of his contractual obligation to design an airplane for the plaintiff. That certainly is " the subject matter in dispute." In *Call Hardware Corporation* v. *Duggan* (216 App. Div. 514) the court held that the performance of a contract could constitute the subject of an action. In that case the plaintiff brought action in replevin to recover a furnace and water boiler which he had installed on the defendant's premises. The defendant in his answer set up a counterclaim for damages for negligence in the installation of the furnace and boiler. The appellate court held that the subject of the action was not alone the furnace but also the installation thereof; in other words, the performance of the contract, and held that the counterclaim was sufficiently connected therewith to justify interposition of the counterclaim under section 266 of the Civil Practice Act. There can be no doubt in the case at bar that the slanders charged by defendant to have been uttered against him were connected with the subject of the action, which was the defendant's performance of the contract. The determination of the defendant's causes of action set forth in his answer are dependent upon a single issue, whether the defendant properly performed his contract with plaintiff or was negligent in the performance thereof. If the plaintiff is able to show that defendant was negligent in designing the airplane, he will succeed in his action against the defendant, and, necessarily, the defendant's counterclaims, in such event, will be defeated, as the plaintiff, if successful, would have demonstrated the truth of his statements, which the defendant claims were slanderous. If, however, the defendant is shown to have satisfactorily performed his contract with plaintiff, then the plaintiff must fail in his action, and the counterclaim interposed by defendant will justify a judgment in his favor against plaintiff. It is very clear that the counterclaims interposed by defendant are intimately and directly connected with the subject of the plaintiff's action. Both the plaintiff's action and the defendant's counterclaims are concerned with the same subject, the alleged negligent performance of the contract,

which constitutes not only the subject of the plaintiff's action, but, also, the subject of the alleged slanderous remarks of which defendant complains. We think the counterclaims were, therefore, properly interposed by defendant under the provisions of section 266 of the Civil Practice Act. (*Carpenter* v. *Manhattan Life Ins. Co.*, 93 N. Y. 552; *Kelly* v. *Webster*, 143 App. Div. 737; *Call Hardware Corporation* v. *Duggan, supra*.) The facts in the case of *Carpenter* v. *Manhattan Life Ins. Co.* (*supra*) are quite analogous to those in the case at bar. The action in that case was by a second mortgagee against a first mortgagee for conversion of certain wood which plaintiff had cut from the mortgaged premises while he, as second mortgagee, was in possession thereof. The wood, after being cut, was left on the premises. The defendant, who had obtained possession of the premises as first mortgagee, refused to give up the wood. The defendant interposed a counterclaim to plaintiff's action, charging that the plaintiff, while in possession of the mortgaged property, with intent to deprive the defendant of its security as first mortgagee and defraud it, wrongfully cut the wood in question from the land, thereby committing waste upon the land to the damage of the defendant. The counterclaim asked for compensation for the damages the defendant has suffered. The plaintiff objected to such counterclaim on the ground that it was improperly interposed. The Court of Appeals held that the subject-matter was the wood which plaintiff claimed to have been converted, and that defendant's counterclaim was sufficiently connected with this subject as to constitute a valid counterclaim. In that case the Court of Appeals said: " The transaction set forth in the complaint was the conversion of the wood, and hence it cannot be said that the counterclaim arose out of that transaction. But, was it not connected with the subject of the action? *The word ' connected ' may have a broad significance. The connection may be slight or intimate, remote or near, and where the line shall be drawn it may be difficult sometimes to determine.*

" The counterclaim must have such a relation to, and connection with, the subject of the action, that it will be just and equitable that the controversy between the parties as to the matters alleged in the complaint and in the counterclaim should be settled in one action by one litigation; and that the claim of the one should be offset against, or applied upon, the claim of the other. Here it is sufficiently accurate to say that the subject of the action was the wood wrongfully taken by the defendant, and the counterclaim was for damages sustained by the defendant, in the wrongful impairment of its security, by the severance of the same wood from the land, and thus diminishing the value of the land by the value of the wood. In such case it is certainly just that the defendant should counterclaim its damage for the severance of the wood against the plaintiff's claim for the conversion thereof." (Italics are the writer's.)

In *Kelly* v. *Webster* (*supra*) the plaintiff sued to prevent the defendant from interfering with the plaintiff's use of a certain wharf which plaintiff claimed to own. The defendant took the position that he owned the wharf and counterclaimed for damages accruing to him by virtue of the plaintiff's trespass. The Appellate Division held that this counterclaim was connected with the subject of the plaintiff's action, and was, therefore, properly interposed, saying: " If plaintiffs are right in their claim to ownership of, or right to use the wharf, then defendant's act in excluding them from its use was a trespass on their rights. On the other hand, if defendant's claim to ownership of the wharf and that plaintiffs had no right

to use it be valid, then plaintiffs' use of the wharf was a trespass on defendant's property for which he should be entitled to recover. This leads to the same conclusion reached by the court at Special Term that the real ' subject of the action ' is the ownership of the wharf, or the right to use it. * * *

" *The practice prescribed by the Code is intended to secure adjustment in a single action of all controversies between parties concerning the same subject-matter; and to that end a liberal construction of its provisions in relation to the counterclaims which may be interposed may be indulged.*" (Italics are the writer's.)

The case of *Scognamillo* v. *Passarelli* (210 N. Y. 550) is in point. That action was brought to recover possession of certain paintings or for damages for their detention if a return of the paintings was impossible. The defendant set up a counterclaim that the paintings were delivered to him as security for a debt which had not been paid, and asked for judgment of foreclosure on his lien and for the amount due. This court held (157 App. Div. 428) that the counterclaim was improperly interposed. Mr. Justice Scott, of this court, dissented from such holding, and, in his dissenting opinion, said: " In my opinion the counterclaim is properly pleaded under section 501 Code of Civil Procedure. The subject of the action is the personal property sought to be replevied. (*Carpenter* v. *Manhattan Life Ins. Co.*, 93 N. Y. 552; *Cooper* v. *Kipp*, 52 App. Div. 250.) In the former case it was said:

" ' The counterclaim must have such a relation to, and connection with, the subject of the action, that it will be just and equitable that the controversy between the parties as to the matters alleged in the complaint and in the counterclaim should be settled in one action, by one litigation; and that the claim of the one should be offset against, or applied upon, the claim of the other.'

" The present is, in my opinion, precisely such a case. It is clearly just that the conflicting claims of the plaintiff and the defendants to the possession and disposition of the pictures should be settled in one action. *It would be a useless duplication of work to try out the defendants' right to possession in one action and then try in another action, upon the same facts, the defendants' right to enforce their lien.*" (Italics are the writer's.)

On appeal to the Court of Appeals this court was reversed, without opinion, the court adopting the dissenting opinion of Mr Justice Scott. We are of the opinion that the counterclaims of the defendant were connected with the subject of the plaintiff's action, and were improperly stricken from the answer of the defendant.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and plaintiff's motion denied, with ten dollars costs.