WILLIAM P. MCGARRY COMPANY, Plaintiff, v. ANDREW WESTON CO., INC., Respondent, and EDWARD D. W. MILLIGAN, Appellant.— Order denying the motion of Edward D. W. Milligan, sought to be impleaded by defendant Andrew Weston Co., Inc., as a party defendant in its second and third special and separate defenses, to strike out said defenses and to vacate and set aside the service of the answer upon said Milligan, reversed on the law, with ten dollars costs and dis-

bursements, and motion granted, with ten dollars costs. The defendant-respondent was not entitled to join Edward D. W. Milligan as a defendant under the provisions of Civil Practice Act, section 271, for the counterclaims of the former did not raise questions between it and the plaintiff along with said Milligan, within the purview of said section. (*Williams* v. *Tompkins, Inc.*, 208 App. Div. 574, 578, 581; *Kelvin Engineering Co., Inc.*, v. *Knott*, 212 id. 413, 415; *Arcey Holding Corporation* v. *Cohen*, 246 id. 767; *Federal Credit Bureau, Inc.*, v. *Narice Holding Corporation*, 136 Misc. 37; *Zauderer* v. *Market Street Long Beach Realty Corp.*, 128 id. 364.) The case of *Nasha Holding Corp.* v. *Ridge Building Corp.* (221 App. Div. 238) is to be read in the light of its own peculiar facts; thus read, it is not in conflict with this ruling. Lazansky, P. J., Young, Johnston and Taylor, JJ., concur. Hagarty, J. I dissent and vote to affirm. The action is brought by the plaintiff as assignee of a claim for damages for breach of contract made between plaintiff's assignor, Edward D. W. Milligan, and the defendant, Andrew Weston Co., Inc. The defendant's answer consists of a general denial, a defense of payment, and a further defense alleging full performance of the contract, the basis of the plaintiff's claim, and, further, that under and pursuant to the contract it is entitled to forty per cent of the profits made by Milligan and that there is money due it from Milligan; a third special and separate defense demands an accounting between the plaintiff's assignor and the defendant. Milligan is a proper party, and the motion to strike out these defenses was properly denied. (See Civ. Prac. Act, §§ 266, 271.) The cases cited in the prevailing memorandum are not in point, in my opinion. If the defendant prevail in its claim against Milligan, an affirmative judgment may be entered against Milligan on the counterclaim but not against the plaintiff, since the plaintiff did not assume the contract. Such claim, however, will tend " to diminish or defeat the plaintiff's recovery," as assignee. (See *Gilboy* v. *Lennon*, 118 Misc. 467, at p. 469; *Smith* v. *Triangle Silk Manufacturing Co.*, 129 id. 669.) In *Kelly* v. *Webster* (143 App. Div. 737), decided before the enactment of the more liberal Civil Practice Act, it was held that the practice under the Code of Civil Procedure was intended " to secure adjustment in a single action of all controversies between parties concerning the same subject-matter, and to that end a liberal construction of its [Code] provisions in relation to the counterclaims which may be interposed may be indulged." Milligan may not, by assigning his claim, evade his obligation to account under the contract, if such obligation there be, in an action on the contract, by the assignee, based on his claim for damages for breach thereof.